Carl Bauman
Alaska Bar No. 7300138
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 "C" Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number: (907) 274-7522
Facsimile Number:  (907) 263-8320

Attorneys for Defendants
Bannister and Wyatt, LLC;
John F. Wyatt; & O. W. Bannister

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY,<br><br>          Plaintiff,<br><br>vs.<br><br>CENTRAL CAROLINA BANK; BANNISTER AND WYATT, LLC; JOHN F. WYATT; O. W. BANNISTER, JR., and JOHN DOES I and II,<br><br>          Defendants. | Case No. 3:06-cv-00023-TMB<br><br><br><br><br><br><br><br><br><br>**MOTION AND MEMORANDUM TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

COME NOW defendants Bannister and Wyatt, LLC, John F. Wyatt, and O. W. Bannister (collectively referenced herein as the "Bannister defendants"), by and through their counsel of record, and hereby move to dismiss this case for lack of personal jurisdiction.  Filing a motion to dismiss for

lack of personal jurisdiction after removing a state court case to federal court on diversity grounds is appropriate procedure.  E.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999); Felch v. Transportes Lar-Mex Sa De CV, 92 F.3rd 320 (5th Cir. 1996).

In ¶ II of his Complaint, plaintiff McCarty alleges that Bannister and Wyatt, LLC, is "organized under the laws of the State of South Carolina doing business in the State of South Carolina."  Further in ¶ II McCarty alleges that John F. Wyatt and W.O. (sic, O.W.) Bannister, Jr. are "residents of the State of South Carolina."  McCarty asserted jurisdiction under the Alaska long-arm statute, AS 09.05.015.  The Alaska Supreme Court has noted:

> In Glover v. Western Air Lines, Inc., we expressly construed Alaska's long-arm statute to confer jurisdiction "to the maximum extent permitted by due process under the federal constitution."

Cramer v. Wade, 985 P.2d 467, 471 (Alaska 1999), citing and quoting Glover v. Western Air Lines, Inc., 745 P.2d 1365, 1367 (Alaska 1987).  See Munoz v. Albuquerque A.R.T. Co., 829 F. Supp. 309 (D. Ak. 1993).  The federal constitution limits the exercise of personal jurisdiction.  Both the Alaska Supreme Court and the United States Supreme Court have provided guidance for making the personal jurisdiction determination.

> To answer this question we must consider the extent of [the defendant's] contacts with Alaska and the basic fairness of requiring him to appear in its courts:  "[D]ue process analysis asks two questions:  first, whether minimum contacts exist;  second, whether

> maintenance of the suit is consistent with traditional notions of fair play and substantial justice."
>
> Here, [the defendant] had no ongoing ties to Alaska. But his limited contacts with [the plaintiff] will nonetheless satisfy due process requirements if "they are substantial enough that [he] could reasonably anticipate being haled into court in [Alaska]." Under the test established by the United States Supreme Court in <u>Burger King Corp. v. Rudzewicz</u>, [the defendant] could reasonably anticipate being sued in Alaska if he " 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries 'that arise out of or relate to' those activities."

<u>Cramer v. Wade</u>, 985 P.2d at 471. The facts pertinent to each potentially applicable subpart of AS 09.05.015 therefore need to be considered under the foregoing standards. The potentially applicable subparts of AS 09.05.015 are:

> (a) A court of this state having jurisdiction over the subject matter[1] has jurisdiction over a person served in an action according to the rules of civil procedure
>
> > (1) in an action, whether arising in or out of this state, against a defendant who, when the action is commenced,
> > …
> > > (D) is engaged in substantial and not isolated activities in this state, whether the activities are wholly interstate, intrastate, or otherwise;
> > …
> > (3) in an action claiming injury to person or property in or out of this state arising out of an act or omission in this state by the defendant;

---

[1] For purposes of this motion to dismiss for lack of personal jurisdiction, it may be assumed that the Alaska Superior Court had subject matter jurisdiction. However, because the real property in question is located in South Carolina, subject matter jurisdiction is not conceded. Defendants reserve their rights to challenge subject matter jurisdiction.

(4) in an action claiming injury to person or property in this state arising out of an act or omission out of this state by the defendant, provided, in addition, that at the time of the injury either

(A) solicitation or service activities were carried on in this state by or on behalf of the defendant; or

(B) products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed in this state in the ordinary course of trade;

(5) in an action that
…
(C) arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive in this state or to ship from this state goods, documents of title, or other things of value;

…

(c) The jurisdictional grounds stated in (a)(2) - (10) of this section are cumulative and in addition to any other grounds provided by the common law.

## AS 09.05.015(a)(1)(D) Does Not Provide Personal Jurisdiction Here.

The Bannister defendants are residents of South Carolina. The individuals, John Wyatt and O.W. Bannister, are attorneys in a small law firm in Greenville, South Carolina. The firm is a limited liability company formed in South Carolina. These attorneys are not admitted to practice law in Alaska, and do not in fact practice law in Alaska. Nor do they conduct any activity, let along "substantial and not isolated activities," in Alaska as subpart (a)(1)(D) of

AS 09.05.015 would require to subject the Bannister defendants to personal jurisdiction in Alaska.

### AS 09.05.015(a)(3) Does Not Provide Personal Jurisdiction Here.

The Bannister defendants did nothing in the state of Alaska. As attorneys for a bank in South Carolina, they received money in South Carolina from McCarty. They were to pass that money along to their client, the bank. They did so. Whatever the Bannister defendants did or did not do in South Carolina has no bearing on personal jurisdiction under subpart (a)(3) of AS 09.05.105. No act or omission occurred <u>in Alaska</u> as subpart (a)(3) of AS 09.05.015 requires to subject the Bannister defendants to personal jurisdiction in Alaska.

### AS 09.05.015(a)(4) Does Not Provide Personal Jurisdiction Here.

Subpart (a)(4) of the long arm statute covers situations in which a person or property is injured in Alaska. The real property in question is located in South Carolina. McCarty claims no personal bodily injury. His claim is that he has been damaged financially by virtue of the Bannister defendants' conduct in South Carolina. Such a claim can meet the long arm standards in subpart (a)(4) only if either of two additional conditions are met. The first condition is that "solicitation or service activities" were carried on in this state by or on behalf of the defendants. The Bannister defendants do not solicit and have not solicited

business in Alaska. McCarty alleges in ¶¶ IX and X of his Complaint that he initiated an offer to a bank in South Carolina to purchase two deeds of trust. The Bannister defendants did not solicit the offer to their client. The second condition is that there are products or materials made, serviced, or processed by the defendants in Alaska. No such products or materials exist in this case. In short, McCarty cannot demonstrate facts sufficient to meet the minimum standards for long-arm jurisdiction provided in AS 09.05.015(a)(4) to subject the Bannister defendants to personal jurisdiction in Alaska.

### AS 09.05.015(a)(5) Does Not Provide Personal Jurisdiction Here.

Subpart (a)(5) of the long arm statute covers situations arising out of a promise by the defendant to the plaintiff to deliver documents of title in Alaska. No such promise by the Bannister defendants was made or alleged. The real property in question is located in South Carolina. To affect the title to real property in South Carolina, any title documents would have to be recorded in South Carolina. The state of Alaska has no jurisdictional right to affect title to real property in South Carolina. Real property ownership in South Carolina is the exclusive province of the courts of South Carolina. As 09.05.015(a)(5) does not salvage long-arm jurisdiction for McCarty against the Bannister defendants.

## AS 09.05.015(c) Does Not Provide Personal Jurisdiction Here.

Subsection (c) is the common law catch all in the Alaska long arm statute. Though broadly worded and broadly intended, it is constrained by the minimum contacts required by due process and fundamental fairness as protected by the federal constitution. In applying the long-arm statute in a paternity case in which the child was conceived in Alaska, the Alaska Supreme Court noted:

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.... [I]t is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State...."
>
> Puhlman v. Turner, 874 P.2d 291, 293 (Alaska 1994) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). A nonresident defendant must have fair warning that his activities may foreseeably subject him to jurisdiction in Alaska. See Washington Ins. Guar. Ass'n, 922 P.2d at 240.

Parker v. State, Dept. of Revenue, Child Support Enforcement Div., ex rel. R.A.W., 960 P.2d 586, 588 (Alaska 1998). The Alaska court had no difficulty concluding that the defendant could have reasonably foreseen that his sexual activity in Alaska might subject him to the jurisdiction of this state for paternity and support. The court held, "A person engaging in sexual intercourse with a resident of Alaska while in Alaska should foresee the possibility that a child might be born and that a paternity and support action might be brought." Id. In contrast, sitting in an office in South Carolina, attending to the interests of a

South Carolina client, the Bannister defendants had no reason to foresee that an action against them might be brought in the state of Alaska. It is a long and well established proposition that the law of the state that is the situs of real property controls the creation and transfers of interests in land. See, H. Goodrich & E. Scoles, Conflicts of Laws (4th Ed., 1964).

In Bryant v. Salvi, 141 Fed. Appx. 279 (5th Cir. 2005), Illinois attorneys were sued in state court in Mississippi for alleged negligence and malpractice with regard to their representation of a client in Illinois, including their preparation of her will, letting her execute a codicil when she may have been incompetent, and failing to execute a power of attorney for use by the plaintiffs. The client passed away. She owned real property in Mississippi. The Salvi defendants removed the case to federal district court in Mississippi and then, just like the Bannister defendants are doing in this case, moved to dismiss for lack of personal jurisdiction. The plaintiffs argued, among other things, that the Salvi defendants called a law firm in Mississippi and obtained a title opinion on land in Mississippi that was part of the client's estate. The Firth Circuit noted:

> It is undisputed that, at all relevant times, defendant Salvi was a resident of and licensed to practice law only in Illinois and that the defendant firm was organized and existed under the laws of Illinois. The defendants did not engage in the practice of law in Mississippi, represent any parties in Mississippi, or travel to Mississippi on a regular basis. The defendants' only contacts with Mississippi were phone calls made by Salvi to an attorney in Mississippi to obtain a title opinion on a piece of land for the now deceased [client].

Bryant v. Salvi, 141 Fed. Appx. at 280.  The Fifth Circuit held that the district court lacked authority under both the Mississippi long-arm statute and the due process clause of the 14th Amendment of the United States Constitution to exercise personal jurisdiction over the Salvi defendants.  Bryant v. Salvi, 141 Fed. Appx. at 283.

## CONCLUSION

South Carolina may be a long ways away, but it is nevertheless a full fledged state in these United States.  McCarty wanted to acquire an interest in land in South Carolina.  McCarty made inquiries of a South Carolina bank.  The bank was represented by the Bannister defendants.  The courts of the state of South Carolina have the judicial power to deal with land issues in South Carolina.  The Bannister defendants do not have the minimal contacts with Alaska that are required by the Alaska long-arm statute and by federal due process to subject them to personal jurisdiction in Alaska.  This case should therefore be dismissed, without prejudice, for McCarty to pursue his claims, if he chooses to do so, in the state of South Carolina.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

Attorneys for Defendants Bannister and Wyatt, LLC, John F. Wyatt, and O. W. Bannister

DATED January 27, 2006      By:   s/ Carl Bauman
                                  Carl Bauman
                                  Alaska Bar No. 7300138

**Certificate of Service**

On the 27th day of January, 2006, a true and correct copy of the foregoing, substantively prepared in font Arial 13, was mailed, postage prepaid, to:

Hal P. Gazaway, Esq.
Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, AK 99504

s/ Carl Bauman
_____

Carl Bauman