Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, AK 99504
(907) 338-8111
(907) 338-8118 facsimile

Attorney for Plaintiff

RECEIVED
FEB 17 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG McCARTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CENTRAL CAROLINA BANK, ) | Case No. A06-00023 CI (TMB) |
| BANNISTER AND WYATT, LLC, ) | |
| JOHN F. WYATT, W. O. ) | |
| BANNISTER, JR., and ) | |
| JOHN DOES I and II, ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION**

INTRODUCTION

STATEMENT OF FACTS

A.  Procedural Background

Plaintiff Craig McCarty (hereinafter McCarty) filed suit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage on December 29, 2005. McCarty alleged his residence to be Alaska.

On or about January 25, 2006, defendants Bannister and Wyatt, LLC, John F. Wyatt, and O. W. Bannister, Jr. (hereinafter Bannister & Wyatt) filed a Notice of Removal to the United States District Court for the District of Alaska. Bannister & Wyatt alleged the grounds for removal to be diversity of citizenship. Bannister & Wyatt alleged plaintiff is a resident of the State of Alaska, Bannister & Wyatt are residents of the State of South Carolina and the amount in controversy exceeds $75,000. (Notice of Removal, p. 3)

B. Defendants' Factual Background

McCarty is a resident of Alaska. The subject of this action are two deed of trust notes McCarty tried to purchase from a Tennessee bank, secured by a residential tract of real property located at 992 Adams Avenue, Wareshoals, South Carolina. The legal description of which is:

> All that parcel or land in City of Ware Shoals, Laurens County, State of South Carolina, as more fully described in Deed Book 373, Page 236, ID#041-00-00-006. Being known and designated as 21.29 acres, Book 9 Page 184, Less and Except in Book 245 Page 958.
>
> Less and Except 16 acres, more or less, conveyed to Ellis R. Brewington in Deed Book

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

    245 at Page 958, and Less and Except 2.55 acres, more or less, conveyed to Thomas Gregory Culbertson in Deed Book 373 at Page 235.

(Plaintiff's Complaint ¶IV)

  Until 1996, Marie Lewis McCarty held title to the subject property. On or about November 25, 1996, Marie Lewis McCarty conveyed an interest in the subject property to James David McCarty. (Plaintiff's Complaint ¶V)

  On or about April 3, 1992 James David McCarty encumbered the subject property with a mortgage in favor of Heritage Federal Bank. This loan received Loan Number 60703021. (Plaintiff's Complaint ¶VI)

  On or about June 4, 1999, James David McCarty encumbered the subject property with a mortgage in the amount of $20,000.00 in favor of Heritage Federal Bank. This loan received Loan Number 607048556. (Plaintiff's Complaint ¶VII)

  At a date unknown to plaintiff, Central Carolina Bank succeeded to the security interest in the property held by Heritage Federal Bank. (Plaintiff's Complaint ¶VIII)

  John F. Wyatt and Bannister and Wyatt, LLC, acting as attorneys and agents of Central Carolina Bank, accepted Craig McCarty's offer to purchase the two mortgage notes. (Plaintiff's Complaint ¶XII)

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Complaint ¶XII)

On January 21, 2005, Craig McCarty instructed his Alaska Bank to wire transfer $25,232.23 to the trust account of Bannister and Wyatt, LLC with instructions that these funds would be used to purchase the mortgage notes in favor of Central Carolina Bank and secured by the previously described property. (Plaintiff's Complaint ¶XIII)

At some date subsequent to January 21, 2005, acting contrary to the express instructions of Craig McCarty, Bannister and Wyatt disbursed $25,232.23 to Central Carolina Bank without obtaining an assignment of the deed of trust notes to Craig McCarty of the deeds of trust secured by the subject property. (Plaintiff's Complaint ¶XIV)

Subsequent to January 21, 2005, Central Carolina Bank, and/or Bannister and Wyatt, concealed the fact that contrary to the agreement between McCarty and Central Carolina Bank, Central Carolina Bank treated the transaction as a payoff of the two deeds of trust notes, not as an assignment of the two notes. (Plaintiff's Complaint ¶XV)

Defendants Bannister and Wyatt, LLC, John F. Wyatt, acted in a negligent manner when they disbursed the $25,232.23 from the law firm's trust account to Central Carolina bank without first securing an assignment of the deed of trust notes, as the parties had agreed. (Plaintiff's Complaint ¶XXI)

McCARTY v CENTRAL CAROLINA BANK, et al., Case NO. A06-0023 CI(TMB)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION
Page 5 of 13

$100,000.00. (Plaintiff's Complaint ¶XXII)

Bannister and Wyatt, LLC, John F. Wyatt, and W.O. Bannister converted trust funds when they transferred the sum of $25,232.23 that Craig McCarty had deposited into their trust account to Central Carolina bank without first securing the assignment of the deed of trust notes. (Plaintiff's Complaint ¶XXIV)

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister intentionally failed to disclose to McCarty the pecuniary interest they and their other client, Oscar Sullivan, held which conflicted with his interest of buying the deed of trust notes securing an interest in the property subject to their judgment lien. (Plaintiff's Complaint ¶XXVIII)

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister intentionally withheld this information from McCarty so as to induce him to forward to their trust account the funds necessary to purchase the deed of trust notes in order so that they could convert the funds received into their trust account. They did so by paying off the deed of trust notes, with a secured position senior to their judgment lien, rather than assigning them to McCarty. In so doing, they moved their judgment lien from fourth position to second position and providing McCarty with no secured interest in the property. (Plaintiff's Complaint ¶XIX)

McCARTY v CENTRAL CAROLINA BANK, et al., Case NO. A06-0023 CI(TMB)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION
Page 6 of 13

ARGUMENT AND AUTHORITY

A.  <u>Alaska Has Jurisdiction Broad Enough to Encompass the McCarty-Bannister and Wyatt Dispute</u>.

Personal jurisdiction in a diversity case turns upon the law of the forum state. *Snyder v. Madera Broadcasting, Inc.*, 872 F.Supp. 1191, 1199 (E.D.N.Y. 1995)

Alaska has adopted A.S. 09.05.015 which provides as follows for Alaskan jurisdiction:

> **Sec. 09.05.015. Personal Jurisdiction** (a) A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according to the rules of civil procedure.
>
> (1) in an action, whether arising in or out of this state, against a defendant who, when the action is commenced,
>
> . . .
>
> (D) is engaged in substantial and not isolated activities in this state, whether the activities are wholly interstate, intrastate, or otherwise;
>
> (2) in an action that may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant;
>
> . . .
>
> (4) in an action claiming injury to person or property in this sate arising out of an

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

act or omission out of this state by the defendant, provided, in addition, that at the time of the jury either

> (A) solicitation or service activities were carried on in this state by or on behalf of the defendant; or
>
> (B) products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed in this state in the ordinary course of trade;

(5) in an action that

> (A) arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services in this state or to pay for services to be performed in this state by the plaintiff.
>
> . . .
>
> (C) arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive in this state or to ship from this state goods, documents of title, or other things of value; . . .

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

>   (E) relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to the carrier occurred; ....

B.  **Jurisdiction Grounds Stated in (a)(2)-(10) of this Section are Cumulative and in Addition to any Grounds Provided by the Common Law.**

The Alaska Supreme Court has construed A.S. 09.05.015(a)(4) to extend Alaska's jurisdiction to the maximum reach permitted by due process under the 14th Amendment. *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 293 (Alaska 1976). An earlier decision *Jonz v. Garrett/Airesearch Corp.*, 490 P.2d 1197 (Alaska 1971) held the manufacturer of an airplane manufactured in Arizona had sufficient contact with Alaska for jurisdiction when the manufacturer advertised in publications circulated in Alaska, should have known its aircraft would be used in Alaska and that such use was routinely foreseeable. (*Jonz* at p. 1199)

The Alaska Supreme Court has held an Ohio resident and an Ohio corporation would be subject to Alaska's long arm statute. The Ohio resident had signed a promissory note for a line of credit from an Alaskan bank and agreed to make payments to the bank in Alaska. The court reasoned failure to make payments is a loss of assets which constitutes an injury to

McCARTY v CENTRAL CAROLINA BANK, et al., Case NO. A06-0023 CI(TMB)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION
Page 9 of 13

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

property arising out of defendant's omission which satisfied A.S. 09.05.015(a)(3).    A.S.  09.05.015(a)(5)(D)  would  also  be applicable since the money paid constitutes a thing of value shipped from this state by the plaintiffs to the defendant at the direction of defendant.   *See Kennecorp Mortgage Co. v. First National Bank of Fairbanks,* 685 P.2d 1232, 1237-39 (Alaska 1984)

*Cramer v. Wash,* 985 P.2d 467 (Alaska 1999) involved a California resident calling an Alaskan resident and soliciting a loan.  The Alaska resident did send the money and did not receive repayment.  The Supreme Court dismissed the Californian's specific  objections  to  the  long  arm  statute  and  held  A.S. 09.05.015(a)(5)(D)  of  the  long  arm  statute  would  allow jurisdiction over an out-of-state party receiving funds from an Alaskan resident.  (at p. 470)  The Alaska Supreme Court held A.S. 09.05.015(c) "extends to any case falling outside of the statutes other subsections 'in which the exercise of jurisdiction is permissible under the Fourteenth Amendment.'"  *Cramer v. Wade,* 985 P.2d 469, 471 (Alaska 1999)

### Due Process

In *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the United States Supreme Court established the test.  A resident of another state can be sued if it "purposefully directed" its activities at residents of the forum, and litigation results from alleged injuries "that

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

arise out of or relate to this activities". *Burger King* at 472.

The law of Alaska is set forth in *Cramer v. Wash, supra*. That decision held telephone calls to someone in Alaska and sending documents to someone in Alaska to encourage their participation in a loan in California would be sufficient to be subject to the jurisdiction of Alaskan courts. *Cramer* at 471.

As set forth in the Statement of Facts and the following section, Bannister and Wyatt has purposely communicated in Alaska with a resident of Alaska. They obtained funds paid into their trust account. Mr. McCarty remained in Alaska while he talked with Bannister & Wyatt's agents. Bannister & Wyatt's client, Central Carolina Bank through John Vernon, agreed to sell the notes to McCarty. Bannister & Wyatt's paralegal Sean McElveen acknowledged the trust account deposit had been sent and received for an assignment of the notes. (Exhibit 10) Mr. McCarty had his Alaska Bank wire transfer the money to South Carolina to Bannister & Wyatt's trust account. (Exhibit 8)

C. <u>CoJurisdicition will Lay when Citizens of a State have been Victims of Misrepresentation by NonResident Defendants</u>.

One of McCarty's causes of action is for misrepresentation. McCarty wire transferred money to the trust account of Bannister & Wyatt. He did not owe Bannister & Wyatt or its client, Central Carolina Bank, any money. He assumed Bannister & Wyatt would follow the agreement, and his

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

instructions. He assumed the money would be paid to Central Carolina Bank only in exchange for the assignment of the two deed of trust notes. Bannister & Wyatt failed to disclose they held a judgment lien against the same property for a judgment in favor of another client, Oscar Sullivan. Bannister & Wyatt failed to disclose this material fact. Such a failure to disclose constitutes a misrepresentation. The fact Bannister & Wyatt are in South Carolina is of little consequence for the misrepresentation cause of action. The injury occurs not where the misrepresentation is "conceived" but when it is "made and induces detrimental reliance." "A tort is not wrongful conduct in the air; the arrow must hit its mark... Until there is hurt, there is no tort." *Stockwest Corp. V. Taylor,* 942 F.2.d 655, 661, fn. 5 (9th Cir. 1991) The hurt occurred in Alaska where Mr. McCarty's bank is located. It is from this Alaskan bank that Mr. McCarty transferred money to Bannister & Wyatt for which he received no benefit or consideration. The damage occurred in Alaska when McCarty transferred the money. Jurisdiction is in Alaska.

CONCLUSION

Under Alaska's long arm statute, Alaska clearly has jurisdiction. Bannister and Wyatt failed to meet its burden of proof to overcome the presumption which favors Alaska as

McCarty's choice of forum.

DATED this _17th_ day of February, 2006, at Anchorage, Alaska.

          HAL P. GAZAWAY, P.C.
          Attorney for Plaintiff


       By: _/s/ Hal P. Gazaway_
          Hal P. Gazaway
          Alaska Bar No. 7410077

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCARTY v CENTRAL CAROLINA BANK, et al., Case NO. A06-0023 CI(TMB)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION
Page 13 of 13