Carl Bauman
Alaska Bar No. 7300138
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 "C" Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number: (907) 274-7522
Facsimile Number: (907) 263-8320

Attorneys for Defendants
Bannister and Wyatt, LLC;
John F. Wyatt; & O. W. Bannister

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CENTRAL CAROLINA BANK;<br>BANNISTER AND WYATT, LLC; JOHN<br>F. WYATT; O. W. BANNISTER, JR.,<br>and JOHN DOES I and II,<br><br>　　　　　Defendants. | Case No. 3:06-cv-00023-TMB<br><br><br><br>**REPLY TO OPPOSITION TO MOTION<br>TO DISMISS FOR LACK OF<br>PERSONAL JURISDICTION** |

　　　　Defendants Bannister and Wyatt, LLC, John F. Wyatt, and O. W. Bannister (collectively, the "Bannister defendants"), moved to dismiss this case for lack of personal jurisdiction. Plaintiff opposes the dismissal, but does not dispute that filing a motion to dismiss for lack of personal jurisdiction after

removal to federal court on diversity grounds is appropriate procedure. Nor does plaintiff dispute that he is a resident of Alaska and the Bannister defendants are residents of South Carolina. Plaintiff admits in ¶¶ 9 and 10 of his affidavit that he was aware that the Bannister defendants represented the Central Carolina Bank. At no time did the Bannister defendants represent plaintiff. Plaintiff was represented by Alaska attorney Hal Gazaway. See Exhibit 7 to plaintiff's affidavit. Plaintiff also consulted an unrelated South Carolina attorney, Eston Page. See Exhibit 1 to plaintiff's affidavit.

Plaintiff makes several contentious statements in the "Factual Background" section of his Opposition. Plaintiff asserts that the Bannister defendants concealed facts, acted negligently, converted trust funds, intentionally failed to disclose adverse pecuniary interests, and intentionally withheld information from plaintiff. With no citation to authority, plaintiff contends the Bannister defendants somehow had an obligation to disclose to him that the law firm represented a client with a judgment lien against the property in question. If the Bannister defendants had agreed to undertake representation of plaintiff, then plaintiff might have a point and the law firm may have had an obligation to disclose conflicts of interest before undertaking the representation. But no such representation was requested by plaintiff, and no such representation occurred.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

In essence, the Bannister defendants were no more than convenient messengers between their client, the Central Carolina Bank, and plaintiff. The Bannister defendants did nothing wrong. They passed along plaintiff's funds to the Central Carolina Bank per the agreement between the Bank and plaintiff. The Bank was to assign certain notes to plaintiff, but for whatever reason did not do so. Plaintiff should look to the Bank, and only the Bank, for recourse. Plaintiff's arguments will be addressed in turn.

### A & B   Contrary to Plaintiff's Argument, Alaska Does Not Have Jurisdiction Broad Enough To Encompass the McCarty – Bannister & Wyatt Dispute.

The parties agree that personal jurisdiction in a diversity case turns on the law of the forum state. The parties agree that AS 09.05.015 contains Alaska's long arm jurisdictional law. The parties agree that the grounds in AS 09.05.015 are cumulative. The parties further agree that the Alaska Supreme Court has construed that law to extend to the maximum extent permitted by due process under the 14th Amendment. The parties dispute, however, whether due process would permit Alaska to exercise jurisdiction over these South Carolina residents – the Bannister defendants – because these defendants did not do business in Alaska and did not have sufficient contact with Alaska to have any reasonable anticipation of being sued in Alaska. In short, the plaintiff has not established that Alaska could properly exercise personal jurisdiction over these

JGHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
CHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

defendants under the facts of this case without running afoul of the due process clause in the 14th Amendment.  See Cramer v. Wade, 985 P.2d 467, 471 (Alaska 1999).

Plaintiff argues on page 11 of the Opposition that due process is satisfied because the Bannister defendants "purposefully communicated in Alaska with a resident of Alaska."  Mere communication is not enough to satisfy due process.  The scope and extent of the passive activity in this case by the Bannister defendants stands in stark contrast to the active conduct of the defendant in Cramer v. Wade, 985 P.2d 467 (Alaska 1999).  In the Cramer case, Cramer, a resident of California, actively contacted, encouraged, persuaded, and induced Wade, a resident of Alaska, to loan money to a third party.  Cramer further guaranteed repayment of the loan through his closely held corporation Kokua.  The court observed:

> On February 28, 1992, Cramer ... met at Watkins's office in Campbell, California, and telephoned Wade in Alaska to discuss the financing behind the truck stop project.  Though Cramer and Wade dispute the details of the conversation, it is undisputed that the purpose of the call was to encourage Wade to make the loan, that Cramer spoke with Wade, and that they discussed the financial soundness of the truck stop project.
>
> That same day Cramer also had Estelle fax various documents to Wade regarding Kokua that tended to show that the company was on firm financial ground.  After speaking with Cramer, Wade decided to go through with the loan.  On March 3, 1992, Wade received a faxed copy of a promissory note signed ... as well as by Cramer and Watkins, on behalf of Kokua.  The note ... promised to pay Wade

UGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
NCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

> $135,000, plus monthly interest of three percent, by June 3, 1992. Wade also received a fax from Cramer indicating:
>
>> I am instructing our escrow officer to retire our note to you dated Mar. 3, 1992, at the close of the Escrow. You will be [paid] $135,000.00 princip[al] plus $12,150.00 in interest for a total of $147,150.00 directly from Cal-Seria [sic] Title Co.

Cramer v. Wade, 985 P.2d at 469. The Alaska Supreme Court found that the due process question was whether Cramer's limited contacts with Wade were

> "substantial enough that [he] could reasonably anticipate being haled into court in [Alaska]."

Id. at 471. The Court ruled that due process was satisfied because

> Cramer purposefully directed his activities at a resident of Alaska by telephoning and transmitting documents to Wade in Valdez, actively encouraging Wade's participation in the truck stop loan, pledging Kokua's assets to guarantee the loan's repayment, signing the promissory note of March 3, 1992, and sending Wade written confirmation that he had arranged direct repayment to Wade by Kokua's escrow officer. And Wade's suit against Cramer relates to and arises directly out of these contacts.

Id.

Here the Bannister defendants did not actively encourage the transaction between plaintiff and the Bank, nor did the Bannister defendants tout the law firm's assets in any way. They did not sign a promissory note or otherwise guarantee the transaction. The Bannister defendants did not affirmatively call plaintiff in Alaska to encourage this deal as Cramer did to Wade. The Bannister defendants were a mere passive conduit between plaintiff and the

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Central Carolina Bank. They had no reason to anticipate being haled into court in Alaska. Doing so would violate standard notions of fair play and substantial justice.

The setting in this case is similar to that in Bryant v. Salvi, 141 Fed. Appx. 279 (5th Cir. 2005), which was discussed and quoted on page 6 of the Bannister Motion to Dismiss. The Firth Circuit held in that 2005 case:

> It is undisputed that, at all relevant times, defendant Salvi was a resident of and licensed to practice law only in Illinois and that the defendant firm was organized and existed under the laws of Illinois. The defendants did not engage in the practice of law in Mississippi, represent any parties in Mississippi, or travel to Mississippi on a regular basis. The defendants' only contacts with Mississippi were phone calls made by Salvi to an attorney in Mississippi to obtain a title opinion on a piece of land for the now deceased [client].

Bryant v. Salvi, 141 Fed. Appx. at 280. The Fifth Circuit held that the district court lacked authority under both the Mississippi long-arm statute and the due process clause of the 14th Amendment of the United States Constitution to exercise personal jurisdiction over the Salvi defendants. Bryant v. Salvi, 141 Fed. Appx. at 283. Plaintiff did not acknowledge, discuss, dispute, or distinguish that case.

    C.    **This Is Not a Co-Jurisdiction Setting as to the Bannister Defendants.**

Plaintiff stretches logic and common sense mightily to argue on page 12 that he was hurt in Alaska where his bank is located. He claims the damage

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

occurred in Alaska when he "transferred the money." Plaintiff's complaint, at its core, is that the Central Carolina Bank has failed to honor its promise to assign to him the two notes it held in exchange for the funds he paid. If the Central Carolina Bank had provided assignments of those notes, plaintiff would have no beef. The Bannister defendants did nothing to cause the Central Carolina Bank to fail to provide the assignments. The Bannister defendants did not receive the assignments and neglect or refuse to pass them along to plaintiff. No representations were made by the Bannister defendants to the plaintiff regarding title to the property or the existence of junior interest holders in the property. The Bannister defendants were not retained by plaintiff to provide a title opinion on this property or to guaranty title or a priority position to plaintiff. In fact, plaintiff admits that he consulted with his grandparent's attorney, Eston Page of South Carolina, and admits in ¶ 7 of his affidavit that he was informed by Mr. Page as of January 3, 2005, of the existence of three mortgages and a judgment lien against the property in favor of Oscar Sullivan. See Exhibit 1 to the McCarty affidavit. That the Bannister defendants happen to have represented Oscar Sullivan and obtained that judgment lien in 2004 for Mr. Sullivan against this same property is a fortuity, perhaps even an embarrassing fortuity, but that fortuity does not rise to the level of a negligent or intentional misrepresentation. It does not matter who

JGHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
CHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

represented Oscar Sullivan to obtain that judgment, nor does it matter who is representing Oscar Sullivan in any collection efforts on his judgment lien.

Viewed from any reasonable perspective, plaintiff has been hurt by the failure of the Central Carolina Bank to provide the assignments. The proper forum for relief is in South Carolina where the real property is located and where the law of that state governs the available remedies and relief.

## CONCLUSION

The due process clause of the 14th Amendment is applicable. Under the facts of this case, the passive conduct by the Bannister defendants in South Carolina, including their communications to plaintiff in Alaska, does not satisfy the minimal contacts requirement of due process. The Bannister defendants had no reason to anticipate being sued in Alaska if the Central Carolina Bank failed for whatever reason to honor its agreement with plaintiff.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

Attorneys for Defendants Bannister and Wyatt, LLC, John F. Wyatt, and O. W. Bannister

DATED March 2, 2006     By: /s/ Carl Bauman
Carl Bauman
Alaska Bar No. 7300138
3900 "C" Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number: (907) 274-7522
Facsimile Number: (907) 263-8320

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Reply to Opposition to Motion to Dismiss for Lack of Personal Jurisdiction
McCarty v. Central Carolina Bank, et al. / Case No. 3:06-cv-00023-TMB     Page 8 of 9

**Certificate of Service**

I here by certify that on the 2nd day of March, 2006, a true and correct copy of the foregoing, substantively prepared in font Arial 13, was mailed, postage prepaid, to:

Hal P. Gazaway, Esq.
Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, AK 99504

/s/ Carl Bauman
_____
Carl Bauman

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX