IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY,<br><br>                 Plaintiff,<br><br>  vs.<br><br>CENTRAL CAROLINA BANK; BANNISTER & WYATT, LLC; JOHN F. WYATT; O.W. BANNISTER, JR.; AND JOHN DOES 1 & 2,<br><br>                 Defendants. | Case No. 3:06-cv-23  TMB<br><br>O R D E R |

      Plaintiff, an Alaska resident, originally filed this suit in the Superior Court for the State of Alaska on December 29, 2005. Docket 13 at 2. On January 25, 2006, Defendants Bannister & Wyatt, LLC, John F. Wyatt, and O.W. Bannister,[1] residents of the State of South Carolina, removed this matter to Federal District Court for the District of Alaska, alleging diversity of citizenship and an amount in controversy exceeding $75,000. Docket 1 (notice of removal). Defendants have moved for dismissal of this matter for lack of personal jurisdiction. Docket 7. Plaintiff has opposed the motion, (docket 13), and Defendants have replied. Docket 16. The Court heard oral argument on May 16, 2006, and the parties were given until May 24, 2006, to reach a compromise on the pending motion. Having failed to reach such a compromise, (docket 26), the Court now enters the following Order.

---

[1] These defendants are collectively referred to in this Order as "Defendants." The Court notes that defendant Central Carolina Bank has not yet Answered, and did not participate in this motion practice.

1

**Factual and Procedural Background**

This matter arises from a dispute over two deed of trust notes Plaintiff tried to purchase from a Central Carolina Bank, which were secured by a piece of real property in South Carolina. Central Carolina Bank held the security interest in the property, and Bannister & Wyatt, LLC, apparently represented Central Carolina Bank in accepting Plaintiff's offer to purchase the two mortgage notes. Docket 13 at 3. On January 21, 2005, Plaintiff instructed his Alaska bank to wire transfer $25,232.23 to the trust account of Bannister & Wyatt, with instructions to use these funds to purchase the mortgage notes in favor of Central Carolina Bank. According to Plaintiff, Bannister & Wyatt disbursed the funds to Central Carolina Bank <u>without</u> obtaining an assignment of the deed of trust notes. Central Carolina Bank treated the transaction as a payoff of the two deeds of trust, rather than an assignment of the notes. Plaintiff accuses Bannister and Wyatt of acting in a negligent manner when disbursing the funds without first securing an assignment, and this action followed. Docket 13 at 5. Plaintiff also complains that Bannister & Wyatt intentionally failed to disclose their pecuniary interest which conflicted with Plaintiff's interest of buying the deed of trust notes, specifically, that Bannister & Wyatt also held a judgment lien against the same property for a judgment in favor of another client, Oscar Sullivan. Plaintiff alleges that their failure to disclose this material fact resulted in their own judgment lien on the property moving from fourth to second position, leaving Plaintiff with no secured interest in the property. Docket 13 at 6.

## **Motion to Dismiss**

Defendants complain that the Alaska long-arm statute, AS 09.05.015[2], is inadequate to obtain jurisdiction over them in this matter. Docket 7 at 2. They argue that the Federal Constitution limits the exercise of personal jurisdiction, and both the Alaska and United States Supreme Courts have provided guidance for making the personal jurisdiction determination, and that they are not subject to personal jurisdiction in Alaska in this matter. Id. In Opposition,

---

[2]**AS 09.05.015. Personal Jurisdiction.**

**(a)** A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according to the rules of civil procedure

**(1)** in an action, whether arising in or out of this state, against a defendant who, when the action is commenced,
. . .
**(D)** is engaged in substantial and not isolated activities in this state, whether the activities are wholly interstate, intrastate, or otherwise;

**(2)** in an action that may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant;

**(3)** in an action claiming injury to person or property in or out of this state arising out of an act or omission in this state by the defendant;

**(4)** in an action claiming injury to person or property in this state arising out of an act or omission out of this state by the defendant, provided, in addition, that at the time of the injury either

**(A)** solicitation or service activities were carried on in this state by or on behalf of the defendant; or

**(B)** products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed in this state in the ordinary course of trade;

**(5)** in an action that

**(A)** arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services in this state or to pay for services to be performed in this state by the plaintiff;

**(B)** arises out of services actually performed for the plaintiff by the defendant in this state, or services actually performed for the defendant by the plaintiff in this state if the performance in this state was authorized or ratified by the defendant;

**©** arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive in this state or to ship from this state goods, documents of title, or other things of value;

**(D)** relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the order or direction of the defendant; or

**(E)** relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to the carrier occurred;
. . . .

3

Plaintiff suggests that Alaska has jurisdiction broad enough to encompass this dispute. Docket 13 at 7.

Specifically, Defendants argue that under AS § 09.05.015(a)(1)(D), they were not engaged in "substantial and not isolated activities" in Alaska. Defendant Wyatt and defendant Bannister are residents of South Carolina. The law firm is a limited liability company formed in South Carolina. The attorneys are not admitted to practice law in Alaska, nor do they in fact practice law in Alaska. Docket 7 at 4. They further argue that under AS § 09.05.015(a)(3), they took no action in the state of Alaska. Rather, as attorneys for a South Carolina bank, they received money in South Carolina from Plaintiff. Docket 7 at 5. Defendants argue that they did not actively encourage the transaction between Plaintiff and the bank, nor did they "tout the law firm's assets in any way." Docket 16 at 5. They did not affirmatively call Plaintiff to encourage the transaction, but rather Defendants characterize the their function as "a mere passive conduit between plaintiff and the Central Carolina Bank." Docket 16 at 5-6.

Defendants also note that the real property at issue is located in South Carolina. AS § 09.05.015(a)(4) pertains to "an action claiming injury to person or property in this state, as the result of either solicitation or service activities carried on in the state, or "products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed in this state in the ordinary course of trade." Docket 7 at 5. In contrast, Plaintiff initiated an offer to a bank in South Carolina to purchase two deeds of trust - the Defendants did not solicit the offer to their client. Docket 7 at 6.

Defendants argue that AS § 09.05.015(a)(5) is inapplicable as there was no promise to the Plaintiff by the Defendant "to deliver or receive in this state or to ship from this state goods, documents of title, or other things of value." Docket 7 at 6. Finally, Defendants argue that AS § 09.05.015( c) is a broadly worded "common law catch all" in the Alaska long arm statute, but it is "constrained by the minimum contacts required by due process and fundamental fairness as protected by the federal constitution." Docket 7 at 7. Defendants argue that their conduct in their law firm in South Carolina, handling the case of a South Carolina client, regarding real property in

South Carolina, would not give Defendants reason to foresee that an action against them might be brought in the state of Alaska. Docket 7 at 7-8. "It is a long and well established proposition that the law of the state that is the situs of real property controls the creation and transfers of interests in land." Docket 7 at 8, citing H.Goodrich & E. Scoles, Conflicts of Laws (4th Ed., 1964). In further support of their motion, Defendants cite Bryant v. Salvi, 141 Fed.Appx. 279 (5th Cir. 2005). In Bryant, Illinois attorneys were sued in state court in Mississippi for alleged negligence and malpractice with regard to their preparation of a will for an Illinois client who owned real property in Mississippi. The Fifth Circuit held that the Federal District Court in Mississippi lacked authority under both the Mississippi long-arm statute and the due process clause of the 14th Amendment to exercise personal jurisdiction over the defendants in that case, noting that defendants did not engage in the practice of law in Mississippi, did not represent any parties in Mississippi, and did not travel to Mississippi on a regular basis. "The defendants' only contacts with Mississippi were via telephone." 141 Fed. Appx., at 280.

Defendants argue that "viewed from any reasonable perspective, plaintiff has been hurt by the failure of the Central Carolina Bank to provide the assignments. The proper forum for relief is in South Carolina where the real property is located and where the law of that state governs the available remedies and relief." Docket 16 at 8. They request that this matter be dismissed without prejudice, so that Plaintiff can pursue his claims in South Carolina. Docket 7 at 9.

In response, Plaintiff argues that AS 09.05.015(a)(4) has been construed by the Alaska Supreme Court to extend Alaska's jurisdiction to the maximum reach permitted by due process under the 14th Amendment. Docket 13 at 9, citing Morrow v. New Moon Homes, Inc., 548 P.2d 279, 293 (Alaska 1976); Jonz v. Garrett/Airesearch Corp., 490 P.2d 1197, 1199 (Alaska 1971)(holding the manufacturer of an airplane manufactured in Arizona had sufficient contact with Alaska when manufacturer advertised in publications circulated in Alaska, should have known its aircraft would be used in Alaska, and that such use was routinely foreseeable.) Plaintiff argues that §(a)(5)(D) is applicable as "money paid constitutes a thing of value shipped from this state by plaintiffs to the defendant at the direction of the defendant." Docket 13 at 10, citing Kennecorp

5

Mortgage Co. v. First Nat'l Bank of Fairbanks, 685 P.2d 1232, 1237-39 (Alaska 1984).  Plaintiff also relies on Cramer v. Wash, 985, P.2d 467 (Alaska 1999), where a California resident called an Alaskan resident, solicited a loan, and then did not make repayment.  The Supreme Court held that AS 09.05.015( c) "extends to any case falling outside of the statute's other subsections 'in which the exercise of jurisdiction is permissible under the Fourteenth Amendment.'" Id., at 471.

      Plaintiff further suggests that one of his causes of action, misrepresentation for Defendants' failure to disclose their interest in the subject property, warrants a finding of jurisdiction in Alaska because "the injury occurs not where the misrepresentation is 'conceived' but when it is 'made and induced detrimental reliance.'" Docket 13 at 12, citing Stockwest Corp. v. Taylor, 942 F.2d 655, 661, fn. 5 (9th Cir. 1991).  Defendant suggests that this argument is a stretch of logic and common sense, arguing that their past representation of Oscar Sullivan, who obtained a judgment lien against the same property in 2004, is an "embarrassing fortuity," but does not rise to the level of a negligent or intentional misrepresentation.  Docket 16 at 6-7.

      Finally, Plaintiff relies on Cramer v. Wash, 985, P.2d 467 (Alaska 1999), where a California resident called an Alaskan resident, solicited a loan, and then did not make repayment.  The Supreme Court held that AS 09.05.015( c) "extends to any case falling outside of the statute's other subsections 'in which the exercise of jurisdiction is permissible under the Fourteenth Amendment.'" Id., at 471.

### Conclusion

As a threshold matter, the question is whether this case falls under AS § 09.05.015. However, the Alaska Supreme Court has consistently held that Alaska's long-arm statute is a "broad one which we regard as an attempt by the legislature to establish jurisdiction to the maximum extent permitted by due process."  Kennecorp Mortgage & Equities v. First Nat'l Bank of Fbx, 685 P.2d 1232, 1238 (Alaska 1984), citing Jonz v. Garrett/Airesearch Corp., 490 P.2d 1197, 1199 (Alaska 1971).  See also Cramer v. Wade, 985 P.2d 467 (Alaska 1999); Polar Supply Company, Inc., v. Steelmaster Industries, Inc., 127 P.3d 52 (Alaska 2005)(holding that the circumstances contemplated by the Alaska long-arm statute are not exclusive).  Accordingly, the

Court will forego determining which provision of the long-arm statute may be applicable, and proceed to the analysis of whether application of the statute offends due process.

The factors to be taken into consideration in determining personal jurisdiction include the extent of the defendant's "contacts with Alaska and the basic fairness of requiring him to appear in its courts." Cramer v. Wade, 985 P.2d 467, 471 (Alaska 1999). The Cramer court discussed a due process analysis, noting that two requirements must be met: 1) minimum contacts must exist; and 2) maintenance of the suit must be "consistent with traditional notions of fair play and substantial justice." Id. In Cramer, the court determined that defendant had no ongoing ties to Alaska, but his limited contacts with the plaintiff satisfied due process if they were "substantial enough that [he] could reasonably anticipate being haled into court in [Alaska]" Id. The Cramer court cited the United States Supreme Court decision Burger King Corp. V. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174 (1985), noting that a defendant could reasonably anticipate being sued in Alaska if it "purposefully directed" activities toward Alaska residents, and litigation resulted from alleged injuries arising out of those activities. Id.

On the facts of this case as they have been developed to date, Defendants do not have adequate minimum contacts with the State of Alaska to justify application of any provision of the long-arm statute to exercise personal jurisdiction over them. The Alaska Supreme court has "found it particularly significant when an out-of-state defendant solicited, initiated, or directly contacted the Alaska resident." 127 P.3d at 56 (citations omitted). In this matter, Plaintiff apparently initiated all contact with the Defendants in South Carolina. There is no evidence in the record to the contrary. Defendants did not have contacts with Alaska substantial enough that they "could reasonably anticipate being haled into court" here. 985 P.2d at 471 (citations omitted). Defendants did not "purposefully direct" activities toward residents of Alaska, such that litigation resulted from alleged injuries arising out of those activities. Id.  Defendants' activities do not rise to the levels discussed in Cramer, Polar Supply, Jonz, or Kennecorp. Accordingly, the Court does not consider the second prong of the due process analysis.

It is hereby ordered that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (Docket 7), is GRANTED.  This matter is **DISMISSED WITHOUT PREJUDICE** as to Defendants BANNISTER & WYATT, LLC, JOHN F. WYATT, and O.W. BANNISTER, JR., and only as to these Defendants.  In the event that discovery leads to evidence of minimum contacts sufficient to satisfy due process, Plaintiff is free to move the Court to add additional defendants at a later date.

Dated at Anchorage, Alaska, this 5th day of June, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge