Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, AK 99504
(907) 338-8111
(907) 338-8118 facsimile

Attorney for Plaintiff

RECEIVED
JUN 2 7 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG McCARTY )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CENTRAL CAROLINA BANK, )<br>BANNISTER AND WYATT, LLC,)<br>JOHN F. WYATT, W. O. )<br>BANNISTER, JR., and )<br>JOHN DOES I and II, )<br>)<br>    Defendants. )<br>_____) | Case No. A06-00023 CI (TMB) |

**OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS**

COMES NOW plaintiff Craig McCarty, by and through his counsel of record, and opposes defendants' Bannister & Wyatt LLC, John F. Wyatt, and Bannister, Jr.'s (herinafter Bannister & Wyatt) motion for attorney fees.

The award of attorney fees is governed by the laws of the state whose substantive law is applied to the underlying claims. *Exxon Corp. V. Burglin,* 4 F.3d 1294, 1302 (5th Cir. 1993).

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

The general rule in courts of the United States, the attorney fees will not be shifted from one party to the other absent a contract or statute to that effect. The lone exception to this is the Alaskan Courts where Alaska Rules of Civil Procedure Rule 82 authorizes the trial court to order part of the attorney's fee of a prevailing party to be paid by the other party. *Monzingo v. Alaskan Air Group, Inc.* 112 P.3d 655,665 (Alaska 2005).

Bannister and Wyatt fails to cite any federal statute which authorizes a trial judge to award attorney fees to a party denying the court's jurisdiction. Bannister and Wyatt fail to produce a contract which allows for such an award. The only authority Bannister and Wyatt cite, on point, is Alaska Rule of Civil Procedure, Rule 82.

The cases cited by Bannister and Wyatt do not involve an order involving dismissal of a complaint as to a party, without prejudice on the grounds of lack of personal jurisdiction.

Bannister and Wyatt moved to be dismissed from this lawsuit because Alaska did not have jurisdiction over them. It would now be incongrous for this court to award them $1,500.00 as an attorney's fee under a civil rule of the Alaskan courts.

Alaska Rule of Civil Procedure, Rule 82(a)(2) provides:

> (2) In cases in which the prevailing party recovers no money judgment, the court

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

> shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and <u>shall award the prevailing party in a case resolved without trial</u> 20 percent of its actual attorney's fees which were necessarily incurred. The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk. (Emphasis added)

The Alaska Supreme Court has held it to be within the discretion of the trial court to determine who prevailed. *Meidinger v. Koniag, Inc.* 31 P.3d 77, 88 reh.denied. (Alaska 2001) The prevailing party will be the one who is successful on the main issue. The main issue is not who has jurisdiction but whether Bannister & Wyatt breached a duty to McCarty. The court did not decide the later issue but dismissed without prejudice. *K & K Recycling, Inc. v. Alaska Gold*, 80 P.3d 702, 721 reh.denied (Alaska 2003).

A dismissal with prejudice, because the court lacks personal jurisdiction, would not be a consideration on the merits. Plaintiff McCarty's claim against Bannister and Wyatt has not been

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

considered on the merits. Therefore, it cannot be said that at this early stage Bannister and Wyatt prevailed. In fact, this Court held it lacks jurisdiction over Bannister and Wyatt and did not address the merits of McCarty's claim.

To recover attorney fees under Alaska Rule of Civil Procedure, Rule 82(a)(2), the moving party must also show the matter to be "resolved." Since the dismissal is without prejudice, it cannot be said to be resolved. Bannister and Wyatt would not be entitled to attorney fees under Alaska Rule of Civil Procedure, Rule 82(a)(2).

Bannister and Wyatt provide no documentation to substantiate their fees, only the unsubstantiated assertion by counsel, that 34.85 hours of legal services were reasonably incurred. Bannister and Wyatt fail to provide billing records to show 34.85 hours were spent, that it was spent on this case, and that the work being performed was reasonably and necessarily spent on this matter.

It has long been the rule in Alaska that when a party seeks attorney fees, other than based on the Alaska Rule of Civil Procedure Rule 82(b)(1) schedule, accurate records of the hours expended and a brief description of the services reflected by those hours should be submitted. *Andrus v. Lena*, 975 P.2d 54, 59 (Alaska 1999) quoting *Hayes v. Xerox Corp.*, 718 P.2d 929, 939

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Alaska 1986). Bannister and Wyatt's request for fees should not be granted since they failed to provide accurate records of the hours expended and the services rendered. A trial judge who denies fees for an expert witness for failure to produce time sheets does not commit an abuse of discretion. *Truckweld Equipment v. Swenson Trucking*, 649 P.2d 234, 241 (Alaska 1982).

### CONCLUSION

The only authority for Bannister and Wyatt's request for an award of attorney's fee is Alaska Rule of Civil Procedure, Rule 82. The court dismissed Bannister & Wyatt from this lawsuit, without prejudice. It found no personal jurisdiction over Bannister and Wyatt to consider the issue. It did not make a determination of the merits. Therefore, Bannister and Wyatt cannot be said to be the prevailing party. Neither can it be said the dismissal amounted to resolving this dispute. For each of theses reasons, Bannister and Wyatt would not be entitled to an award of attorney's fee.

DATED this 27th day of June, 2006.

Hal P. Gazaway, P.C.
Attorney for Plaintiff

By: /s/ Hal P. Gazaway
Hal P. Gazaway
Alaska Bar No. 7410077

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCARTY v CENTRA CAROLINA BANK, et al., Case No. A06-0023 CI (TMB)
OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS
Page 5 of 6

CERTIFICATE OF SERVICE
I certify that the foregoing OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS was mailed / ~~faxed~~ / ~~hand delivered~~ to the following parties or attorney(s) of record addressed as follows:

Carl Bauman
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street Suite 1001
Anchorage, Alaska 95903

DATED this 27th day of June, 2006.

_____
Brenda J. Faust

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCARTY v CENTRA CAROLINA BANK, et al., Case No. A06-0023 CI (TMB)
OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS
Page 6 of 6