Carl Bauman
Alaska Bar No. 7300138
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 "C" Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number: (907) 274-7522
Facsimile Number:  (907) 263-8320

Attorneys for Defendants
Bannister and Wyatt, LLC;
John F. Wyatt & O. W. Bannister

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY, | |
| Plaintiff, | Case No. 3:06-cv-00023-TMB |
| vs. | |
| CENTRAL CAROLINA BANK; BANNISTER AND WYATT, LLC; JOHN F. WYATT; O. W. BANNISTER, JR., and JOHN DOES I and II, | |
| Defendants. | **REPLY TO OPPOSITION TO MOTION FOR AWARD OF ATTORNEY'S FEES (FRCP 54(d) & Local Rule 54.3(b))** |

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and O. W. Bannister ("Bannister defendants") moved for an award of $1,492.50 (20% of their actual fees) to partially compensate them for attorneys fees incurred in the

Reply to Opposition to Motion for Attorney Fees and Costs
Case No. 3:06-cv-00023-TMB
McCarty v. Central Carolina, et al.          Page 1 of 6

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

defense of this case. Plaintiff filed an extensive opposition based on the faulty premise that a dismissal without prejudice is not sufficient to determine the prevailing party under State of Alaska attorney fee award practice. Several reported cases by the Alaska Supreme Court make it clear that the trial court has discretion to award fees to a defendant where a plaintiff's claims are dismissed without prejudice.

In <u>Miller v. Wilkes</u>, 496 P.2d 176 (Alaska 1972), the court affirmed a trial court award of $500 for attorneys fees against a plaintiff who voluntarily dismissed his complaint (<u>i.e.</u>, a dismissal "without prejudice"). The court held:

> The trial court, in awarding costs and attorney fees, was well within its discretion under Rule 82(a)(1), which provides in part that:
>
>> Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

<u>Miller v. Wilkes</u>, 496 P.2d at 178. Similarly, in <u>North Slope Borough, Dept. of Admin. and Finance, Tax A udit Div. v. Green Intern., Inc.</u>, 969 P.2d 1161 (Alaska 1999), the Alaska Supreme Court ruled that the trial court erred when it did not address attorneys fees under Appellate Rule 508 to the party who obtained a dismissal without prejudice of an appeal to the trial court from an administrative decision. The court held:

> Since the dismissal of Green's appeal in Anchorage terminated the Anchorage appeal and made it necessary for Green to institute a new appeal in Barrow, the superior court erred in concluding that the

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Reply to Opposition to Motion for Attorney Fees and Costs
Case No. 3:06-cv-00023-TMB
McCarty v. Central Carolina, et al.    Page 2 of 6

issue of costs and fees could be deferred for consideration by the Barrow court upon disposition of the Barrow appeal.

North Slope Borough, 969 P.2d at 1163.  The foregoing rulings are in line with the court's recent observation in City of Kenai v. Friends of Recreation Center, Inc., 2006 WL 362409 (Alaska 2006):

> "Under Alaska law, the prevailing party is the one who successfully prosecuted or defended the action and prevailed on the main issue." (FN10)  The prevailing party in civil litigation is normally entitled to recover partial attorney's fees under Alaska Civil Rule 82.

City of Kenai v. Friends of Recreation Center, Inc., 2006 WL 362409 quoting Matanuska Elec. Ass'n, Inc. v. Rewire the Bd., 36 P.3d 685, 690 (Alaska 2001).  In the Friends case, Friends was affirmed as the prevailing party even though the City, through the political process, later accomplished its challenged goals and rendered the lawsuit moot.

The "main issue" litigated between plaintiff and the Bannister defendants in this proceeding was whether the case should be dismissed for lack of personal jurisdiction.  The main issue in a litigated dispute does not have to be the issue that one party would have liked to have reached.  To be the prevailing party, a defendant need not prevail on all issues.  See, e.g., Halloran v. State, Div. of Elections, 115 P.3d 547, 553 (Alaska 2005) ("But we do not require a party to succeed on all issues in order to prevail.").  In State v. Johnson, 958 P.2d 440 (Alaska 1998), the court reviewed prior rulings before affirming the trial

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Reply to Opposition to Motion for Attorney Fees and Costs
Case No. 3:06-cv-00023-TMB
McCarty v. Central Carolina, et al.        Page 3 of 6

court's determination that the defendant was the prevailing party for Rule 82

purposes where the State's complaint was dismissed without prejudice.

> We have allowed an award of Rule 82 fees against a plaintiff who sought and received a voluntary dismissal without prejudice. <u>Miller v. Wilkes</u>, 496 P.2d 176, 178 (Alaska 1972), overruled on other grounds by <u>R.A. Davenny & Assocs., Inc. v. Shinjin Motor Sales Co.</u>, 533 P.2d 1112, 1114-15 (Alaska 1975). We have also indicated that when litigation is dismissed as a result of the delay or intransigence of one of the litigants, the trial court may deem the other litigant the prevailing party for purposes of Rule 82. <u>Hart v. Wolff</u>, 489 P.2d 114, 119 (Alaska 1971). Specifically, in <u>Hart</u> we held that even though there had not been a final determination on the merits in the case, a defendant was "clearly" the prevailing party where the complaint was dismissed without prejudice because the plaintiff failed to comply with an order to produce corporate records. <u>Id.</u>

<u>State v. Johnson</u>, 958 P.2d at 444 (remanded to determine whether the

prevailing party was using an alias, and if not, whether the Rule 82 schedule

should have been exceeded).

The McCarty position is similar to the view that trial court Judge Murphy

expressed in the <u>North Slope Borough</u> case – that determining prevailing party

status and making an attorney fee award on a dismissal without prejudice can

and should await the ultimate determination of who prevails on the merits. Judge

Murphy's position was reversed by the Alaska Supreme Court. A dismissal of a

case, including a dismissal without prejudice, provides adequate ground for a

Civil Rule 82 award of partial attorney's fees to the defendant who obtained the

dismissal.

HUGHES BAUMAN PFEFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Reply to Opposition to Motion for Attorney Fees and Costs
Case No. 3:06-cv-00023-TMB
<u>McCarty v. Central Carolina, et al.</u>        Page 4 of 6

The final argument advanced by McCarty is that the Bannister defendants did not provide copies of their detailed time entries. No request to review the actual time entries was made on behalf of McCarty. One of the reasons for not providing the detailed time entries in the first instance is because the case was dismissed without prejudice. It could therefore be detrimental to the interests of the defendants to provide detailed descriptions of the work done by their attorneys. To minimize that potential detriment, a copy of the actual time entries, partially redacted to mask certain names and issues and to remove the entries which were not included in the request for fees, is attached as Exhibit A to the Second Affidavit of Counsel filed herewith.

## CONCLUSION

McCarty has erroneously argued that the Bannister defendants do not qualify for prevailing party status. The case law in Alaska is to the contrary. In this case, which was removed to federal court and involved full briefing and oral argument on the lack of personal jurisdiction dispute, which turned on the limits of constitutional due process as applied to facts, the incursion of actual attorney's fees of nearly $7,500 is not remarkable and certainly not unreasonable. Twenty percent of those fees should be awarded per Alaska Civil Rule 82, plus an additional amount to cover the fees for preparation of this reply.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Reply to Opposition to Motion for Attorney Fees and Costs
Case No. 3:06-cv-00023-TMB
McCarty v. Central Carolina, et al.          Page 5 of 6

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

Attorneys for Defendants Bannister and
Wyatt, LLC, John F. Wyatt, and O. W.
Bannister

DATED July 5, 2006                    By:    /s/ Carl Bauman
                                             Carl Bauman
                                             Alaska Bar No. 7300138
                                             3900 "C" Street, Suite 1001
                                             Anchorage, Alaska  99503
                                             Telephone Number: (907) 274-7522
                                             Facsimile Number:  (907) 263-8320

**Certificate of Service**

  I here by certify that on the 5th day of July, 2006, a true
and correct copy of the foregoing, substantively prepared in
font Arial 13, was mailed, postage prepaid, to:

Hal P. Gazaway, Esq.
Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, AK 99504

  /s/ Carl Bauman
Carl Bauman

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Reply to Opposition to Motion for Attorney Fees and Costs
Case No. 3:06-cv-00023-TMB
McCarty v. Central Carolina, et al.        Page 6 of 6