Gary C. Sleeper, Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Attorneys for Central Carolina Bank

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG McCARTY,<br><br>                    Plaintiff,<br><br>vs.<br><br>CENTRAL CAROLINA BANK, BANNISTER AND WYATT, LLC, JOHN F. WYATT, W.O. BANNISTER, JR., and JOHN DOES I AND II,<br><br>                    Defendants. | Case No. A06-00023 CI (TMB) |

### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

**1.      Introduction**

The plaintiff, Craig McCarty, originally filed this case in the Alaska Superior Court, against defendants Central Carolina Bank ("CCB"), Bannister and Wyatt, LLC, John F. Wyatt, and O.W. Bannister, Jr., (collectively "Bannister Defendants").  Plaintiff's complaint alleges that all defendants are either citizens of the state of South Carolina, or corporations organized in South Carolina.  *See* Complaint ¶ II.  The complaint alleges damages and requests recovery of an amount in excess of $100,000.  Complaint ¶ XXII.  Because the amount in controversy exceeds $75,000, and since none of the defendants are citizens of Alaska, this court has original

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)                    Page 1 of 8

jurisdiction pursuant to 28 U.S.C. § 1332(a). Consequently, the matter was removed to this court by the Bannister Defendants on January 25, 2006.

Subsequent to removal, the Bannister Defendants were dismissed from this action due to lack of personal jurisdiction. Plaintiff has now filed a motion to remand the case to state court. CCB and its successor in interest, Sun Trust Bank, files this motion to dismiss for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and (3). Absent dismissal of this action on either of the foregoing grounds, defendant CCB opposes remand and requests leave to file a separate opposition to plaintiff's motion to remand.

**2.    Lack of Personal Jurisdiction – FRCP 12(b)(2).**

In order to obtain personal jurisdiction over a non-resident defendant served out of state, a two-part test must be satisfied. First, the non-resident must be subject to service under the provisions of the forum state's long-arm statute. Second, application of the long-arm statute against the non-resident defendant must in all cases be consistent with due process of law. Modern Trailer Sales, Inc. v. Traweek, 561 P.2d 1192, 1195 (Alaska 1977) (In case involving personal jurisdiction, questions presented are whether the long-arm statute applies and, if so, whether application of the statute will be consistent with due process of law). As discussed herein, neither of the two jurisdictional requirements is met in this case.

    a.   Central Carolina Bank is not subject to jurisdiction under Alaska's long-arm statute, A.S. 09.05.015.

Alaska's long-arm statute is found at A.S. 09.05.015. Admittedly, this statute is broad, and demonstrates an attempt by the legislature to establish jurisdiction to the maximum extent permitted by due process. Modern Trailer Sales Inc. v. Traweek, 561 P.2d at 1194-1195. But

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)        Page 2 of 8

the reach of the statute is not unlimited. Although the statute identifies several circumstances where jurisdiction over an out-of-state defendant will lie, none of these apply to CCB.[1]

In fact, as explained below, Alaska courts lack personal jurisdiction over CCB for the very same reasons this court lacked personal jurisdiction over the dismissed Bannister defendants:

    1.    CCB is a foreign corporation, and there is no allegation in plaintiff's complaint that CCB engaged in activities within this state, precluding jurisdiction under AS 09.05.015(a)(1).

    2.    There has been no injury to person or property within this state arising out of an act or omission in this state by CCB, and no solicitation or services were carried on in this state by or on behalf of CCB, nor were products, materials, or things processed, serviced or manufactured by CCB and used or consumed in Alaska, precluding jurisdiction under AS 09.05.015(a)(3) or (4).

    3.    CCB did not promise to or perform services in Alaska or otherwise agree to ship, deliver or receive goods, documents of title, or other things of value in Alaska, and any and all documents of title must be recorded in the state of South Carolina, precluding jurisdiction under AS 09.05.015(a)(5).

    4.    The property securing the deed of trust notes in question is located in the state of South Carolina, precluding jurisdiction under AS 09.05.015(a)(6).

    b.    <u>Jurisdiction over Central Carolina Bank Offends Due Process.</u>

---

[1] For purposes of this motion, it is assumed this Court has subject matter jurisdiction. Plaintiff McCarty has alleged no facts, however, which would give Alaska's courts subject matter jurisdiction over a contract allegedly formed in South Carolina relating to deed of trust notes secured by property located in South Carolina. Consequently, Central Carolina Bank reserves the right to challenge subject matter jurisdiction, which may be raised at any stage of litigation. <u>Hydaburg Cooperative Association v. Hydaburg Fisheries</u>, 925 P.2d 246, 248 (Alaska 1996).

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)    Page 3 of 8

Even assuming, for the sake of argument, that Alaska courts have personal jurisdiction over Central Carolina Bank under AS 09.05.015, exercise of jurisdiction must nevertheless be consistent with due process of law. Modern Trailer Sales, Inc., *supra*. Due process requires that, in order to subject a defendant to a judgment *in personam*, the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice". Packard v. Cessna Aircraft Company, 366 F.Supp. 966, 969 (D. Alaska 1973), *citing* International Shoe Co. v. Washington, 326 U.S. 316 (1945).

In determining whether sufficient "minimum contacts" exist, the court must focus on the the "nature and quality of a nonresident defendant's activity". Id.. According to the United States Supreme Court, there must be some act by which a defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Hanson v. Denckla, 357 U.S. 235, 253 (1958). And, while occurrence of an injury in Alaska allegedly caused by an act or omission by a defendant outside of Alaska may be a "contact", this is not sufficient, taken alone, to establish minimum contacts with Alaska for purposes of personal jurisdiction. *See* Jonz v. Garrett/Airesearch Corp., 490 P.2d 1197, 1199 (Alaska 1971).

Due process requires that defendants have "fair warning" that their activity may subject them to jurisdiction of a foreign forum. Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985). The "fair warning" requirement is satisfied only where a defendant "purposefully directed" activities at residents of the forum, and injury arises out of or relates to those activities. Id., *citation omitted*. "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." Id., *citing* International Shoe Co. v. Washington, 326 U.S. 316 (1945).

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)     Page 4 of 8

In this case, there has been absolutely *no* activity in the state of Alaska, purposeful or otherwise, by Central Carolina Bank. Central Carolina Bank is not an Alaska corporation, nor is it even registered to conduct business in the state of Alaska. Significantly, plaintiff has not even alleged that CCB conducts business in the state of Alaska, or that it has officers, employees, offices, or property holdings in the state of Alaska.

It is also significant that, as revealed in plaintiff's complaint, plaintiff initiated contact with defendant Central Carolina Bank, allegedly to purchase deeds of trust recorded in the state of South Carolina, secured by property located in South Carolina. Communications between CCB and the plaintiff occurred through CCB's attorneys in South Carolina, at the instance of Mr. McCarty. There was no purposeful activity by Central Carolina Bank in the state of Alaska such that Mr. McCarty's voluntary activities in South Carolina could fairly subject Central Carolina Bank to the jurisdiction of Alaska courts. Central Carolina Bank did not "purposefully direct" any activities to Alaska residents or otherwise "purposefully establish" minimum contacts in Alaska.

Modern Trailer Sales, Inc. v. Traweek, *supra*, is illustrative. In Modern, the plaintiffs who resided in Alaska purchased a trailer and a tow truck from the defendant in the state of Colorado. At that time, it was alleged, defendant represented the trailer could be delivered through Canada. This representation proved to be false, and the trailer was ultimately repossessed after being stopped in Canada, although the tow truck continued to Alaska where it was thereafter sold. The tortious misrepresentations forming the basis of the plaintiff's claim were made in Colorado, relating to a trailer that was never delivered to Alaska. Although the plaintiffs also purchased a tow truck that was brought to the state, the Alaska Supreme Court found that in such a situation, where there have not been even minimum contacts by the

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)     Page 5 of 8

defendant with Alaska, maintenance of the action in an Alaska court would be fundamentally unfair to the defendant because of the considerable expense and trouble it would suffer in defending the action. Id. at 1197.

Like the plaintiffs in Modern, Mr. McCarty seeks to impose jurisdiction over CCB in Alaska courts because of his voluntary acts in South Carolina. It was Mr. McCarty who allegedly solicited to purchase deeds of trust covering real property in South Carolina. Like in Modern, the property in question, located in the state of South Carolina, never entered into Alaska, and any deeds to be recorded affecting said property must be recorded, not in Alaska, but in the state of South Carolina. Central Carolina Bank has simply had no contact with the state of Alaska sufficient to subject it to the jurisdiction of Alaska courts.

**2.      Improper Venue – FRCP 12(b)(3).**

This case must also be dismissed because of improper venue. Where jurisdiction is based on diversity of citizenship, as it is in this case, 28 U.S.C. §1391 provides that the case may be brought only in:

> 1. a district where any defendant resides, if all defendants reside in the same State,
>
> 2. a district where substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is subject of the action is situated, or
>
> 3. a district where the defendant is subject to personal jurisdiction when the action is commenced, *if there is no district in which the action may otherwise be brought.*

28 U.S.C. § 1391(a) *italic added*.

In the present case, venue in Alaska's District Court is clearly improper. As noted above, CCB "resides" in the district where it is organized or where it's principal place of business is located – that is either the state of Tennessee (organized) or South Carolina (principal place of

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)                Page 6 of 8

business). South Carolina is also a proper district for bringing the action under 28 U.S.C. §1391(a)(2), given that the property is located in the state of South Carolina and the significant events or omissions giving rise to the claim occurred in that state. Finally, venue in Alaska is improper under the provisions of 28 U.S.C. §1391(a)(3), which permits actions in the district where the defendant is subject to personal jurisdiction only if there is <u>no district</u> in which the action may otherwise be brought. Because the action may otherwise be brought in South Carolina, it is not properly brought in this court, and the case should be dismissed, or venue transferred.

**3.     Conclusion.**

Based on the foregoing, Central Carolina Bank respectfully requests this action be dismissed without prejudice. In the event this motion is denied, Central Carolina Bank opposes remand of the case to state court and respectfully requests it be granted the opportunity to file an opposition to Plaintiff's motion for remand.

DATED at Anchorage, Alaska this 9th day of August, 2006

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Central Carolina Bank

By:   */s/ Gary C. Sleeper*
Gary C. Sleeper
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Tel: (907) 563-8844
Fax: (907) 563-7322
rcaverly@jdolaw.com
Alaska Bar No. 8111130

Memorandum in Support of Motion to Dismiss for Lack of Personal
Jurisdiction and Improper Venue
*McCarthy v. Central Carolina Bank, et al*, Case No. A06-00023 Cv (TMB)            Page 7 of 8

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this 9th day of August, 2006, a true and correct copy of ***Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue*** was served on:

-Hal P. Gazaway
8620 Boundary Avenue
Anchorage AK 99504

by first class mail, if an address is indicated above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

*/s/ Ruth Caverly*
Ruth Caverly
Jermain Dunnagan & Owens, P.C.
8583.1/127340