IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CRAIG MCCARTY,

                Plaintiff,

    vs.

CENTRAL CAROLINA BANK;
BANNISTER AND WYATT, LLC;
JOHN F. WYATT; O.W. BANNISTER,
JR.; and JOHN DOES I and II,

            Defendants.

Case No. 3:06-cv-0023   TMB

ORDER REGARDING ATTORNEY'S FEES

### Motion Presented

Defendant Bannister and Wyatt, LLC ("Bannister") has moved for an award of attorney's fees under Federal Rule of Civil Procedure 54(d), Local Rule 54.3(b) and Alaska Rule of Civil Procedure 82.[1]  Plaintiff Craig McCarty ("McCarty") has opposed.[2]  Bannister has replied.[3]

### Discussion

The parties agree that the award of attorney's fees here is governed by Alaska law.  Exxon Corp. v. Burglin, 42 F.3d 948, 950 (5th Cir. 1995).  Alaska Rule of Civil Procedure 82 provides in relevant part that "[i]n cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party ... 20 percent of its actual attorney's fees which were necessarily incurred."  Alaska R. Civ. P. 82(b)(2).

---

[1]       Docket No. 29.

[2]       Docket No. 37.

[3]       Docket No. 41.

1

McCarty originally filed his action against Defendants in state court. Bannister removed it to this Court, where it prevailed on a motion to dismiss for lack of personal jurisdiction. Bannister now argues that since it prevailed on its jurisdictional motion to dismiss, it is a "prevailing party" for purposes of Rule 82 and therefor entitled to an award of attorney's fees. McCarty argues that Bannister is not the prevailing party for purposes of Rule 82 because Bannister has not prevailed on the underlying merits of the cause of action.

McCarty has the better argument. The Alaska Supreme Court has stated that "for purposes of awarding fees pursuant to Civil Rule 82, the general rule is that the prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the main issue of the action and in whose favor the decision or verdict is rendered and the judgment entered." Day v. Moore, 771 P.2d 436, 437 (Alaska 1989) (citations and quotations omitted); State v. Alaska Civil Liberties Union, 2001 WL 34818245 at *1 (Alaska 2001); Hickel v. Southeast Conference, 868 P.2d 919, 925 (Alaska 1994) (noting that Alaska's prevailing party standard is less permissive than the federal standard). Here, the Court dismissed on jurisdictional grounds. The main issue of the action has not been decided. This Court has simply ruled that it lacks jurisdiction to hear McCarty's claims against this particular Defendant.

Bannister has cited a number of cases in its pleadings in which courts have awarded attorney's fees to parties who have obtained dismissals without prejudice. Each of these cases is distinguishable, however. Indeed, the cases cited by Bannister in its brief support the notion that a "prevailing party" under Rule 82 is one that prevails on the main issue of the action (i.e. prevails in the substantive issues presented in the underlying cause of action). Bannister has not cited any authority supporting an award of attorney's fees under Rule 82 to a party that wins a dismissal of claims against it on purely jurisdictional grounds. In the absence of any authority suggesting that a prevailing party for purposes of Rule 82 is anything other than the party that wins the "main issue of the action," and in light of the Alaska Supreme Court's consistent interpretation and application of the rule, Bannister cannot be said to be a "prevailing party" here.

2

<u>Conclusion</u>

For the foregoing reasons, Bannister's motion for attorney's fees (Docket No. 29) is **DENIED**.


Dated at Anchorage, Alaska, this 16th day of August, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge