IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY,<br><br>                Plaintiff,<br><br>vs.<br><br>CENTRAL CAROLINA BANK;<br>BANNISTER AND WYATT, LLC;<br>JOHN F. WYATT; O.W. BANNISTER,<br>JR.; and JOHN DOES I and II,<br><br>                Defendants. | Case No. 3:06-cv-0023   TMB<br><br><br>ORDER DIPOSING OF<br>MOTION TO REMAND |

Motion Presented

Plaintiff Craig McCarty ("McCarty") has moved to remand this case back to state court pursuant to 28 U.S.C. §1447(c).[1] Defendant Central Carolina Bank ("Carolina Bank") opposes the motion.[2]

Discussion

This case was removed by Defendant Bannister and Wyatt, LLC ("Bannister") from Superior Court for the State of Alaska, Third Judicial District of Anchorage to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332(a). McCarty's complaint contained claims against Bannister for damages in "excess of $100,000" and claims against Carolina Bank "in an amount to be proven at trial."[3] By order of

---

[1] Docket No. 35.

[2] Docket No. 54.  Carolina Bank has not briefed its opposition, but rather has filed a cross-motion to dismiss for lack of personal jurisdiction and improper venue, wherein it states, but does not elaborate upon, its opposition to McCarty's motion.

[3] Docket No. 1 at ex. 6.

this Court at Docket No. 27, Bannister was dismissed from the case for lack of personal jurisdiction.  The only remaining claim in this case is against defendant Carolina Bank.  Plaintiff argues in its instant motion that, the amount in controversy is now under the $75,000 diversity jurisdiction amount, and, as a result, the Court is divested of jurisdiction and should remand the case to state court.

Under 28 U.S.C § 1447(c), a district court shall remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  However, it has long been settled that when a federal court exercises diversity jurisdiction over an action, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (U.S. 1938); Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999).  Jurisdiction must be analyzed at the time of removal, without reference to subsequent amendments or changes.  See, Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998); see also, Miller v. Maverick Country Stores, Inc., 72 Fed. Appx. 582, 584 (9th Cir. 2003).  At the time this case was removed to federal court, the jurisdictional requirements of 28 U.S.C. §1332(a) were met.  Remand is thus inappropriate here.

<u>Conclusion</u>

For the reasons set forth above, McCarty's motion to remand at Docket No. 35 is **DENIED**.

Dated at Anchorage, Alaska, this 16th day of August, 2006.

<u>/s/ Timothy Burgess</u>
Timothy M. Burgess
United States District Judge
