Gary C. Sleeper
Alaska Bar No. 8111130
JERMAIN DUNNAGAN & OWENS, PC
3000 A Street, Suite 300
Anchorage, AK  99503-4097
Phone No. (907) 563-8844
Fax No. (907) 563-7322
E-mail:  rcaverly@jdolaw.com

Attorneys for Central Carolina Bank

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CAROLINA BANK;<br>BANNISTER AND WYATT, LLC; JOHN<br>F. WYATT; O. W. BANNISTER, JR., and<br>JOHN DOES I and II,<br><br>Defendants. | Case No. 3:06-CV-00023 TMB |

**OPPOSITION TO MOTION FOR DISCOVERY
AS TO JURISDICTION**

I.      **Introduction**

Defendant Central Carolina Bank "(CCB)" has filed a motion with this Court

pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for an order dismissing

this case on the basis of lack of personal jurisdiction and improper venue.  Plaintiff has

not filed an opposition to the motion, but has instead filed a motion seeking leave to

conduct discovery pursuant to Fed. R. Civ. P. 56(f).

{00130064 }

Plaintiff's motion is procedurally defective, in that Rule 56(f) does not apply in the context of a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(2). Moreover, even if Rule 56(f) did apply, the motion must be denied due to plaintiff's failure to support the motion with the required affidavit.

More importantly, plaintiff's complaint does not contain factual allegations sufficient to establish a *prima facie* case for personal jurisdiction. Nor does plaintiff explain what additional discovery could possibly be needed to establish personal jurisdiction over CCB. Since discovery will serve no purpose other than cause the parties additional expense and inconvenience, plaintiff's request to conduct discovery should be denied.

Finally, plaintiff's motion goes only to CCB's motion to dismiss for lack of personal jurisdiction. Plaintiff has not filed any opposition to CCB's motion to dismiss for improper venue. Having failed to satisfy his burden of establishing proper venue, plaintiff's complaint must be dismissed.

## II.    Argument

### A.    Plaintiff has failed to establish a *prima facie* case for personal jurisdiction.

It is well settled that plaintiff has the burden in this case of establishing the Court has personal jurisdiction over CCB. *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075 (9th Cir. 2002); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984)) *cert. denied*, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed. 2d 380 (1985). Where, as here, the Court is requested to rule on

CCB's motion to dismiss without an evidentiary hearing, plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand a motion to dismiss. *Unocal,* 248 F.3d at 922, *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3rd 586, 588 (9th Cir. 1996).

Plaintiff's burden, while lower at the pre-discovery stage, is still substantial. At a minimum, plaintiff must allege sufficient facts to establish a colorable claim of jurisdiction. In this case not only has plaintiff failed to allege facts sufficient to make a threshold showing of personal jurisdiction – the facts as alleged by plaintiff establish no such jurisdiction exists. This is readily apparent from a review of the jurisdictional allegations contained in plaintiff's complaint, and admissions contained in plaintiff's affidavit. These allegations and admissions establish the following:[1]

1.    CCB is not an Alaska corporation. Rather, it is organized under the laws of the state of South Carolina. (Plaintiff's complaint, ¶ 2, attached hereto as Exhibit A).

2.    CCB does business in the state of South Carolina. (Plaintiff's complaint, ¶ 2,)  Notably, plaintiff's complaint contains no allegation that CCB does or did business in the state of Alaska.[2]

---

[1]    For the purposes of a motion to dismiss, the allegations contained in plaintiff's complaint shall be taken as true and construed in favor of plaintiff. *Unocal*, 248 F.3rd at 922.

[2]    Plaintiff's failure to even allege that CCB does business in Alaska is especially noteworthy, since this is a central element in establishing personal jurisdiction over a non-resident corporation. *See, e.g. World Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed 2d 490 (1980) (defendant's "conduct and connection with the forum state" must be such that defendant "should reasonably anticipate being hauled into court there.")

3.      The real property at issue in this case is located in South Carolina.

(Plaintiff's complaint, ¶4).

4.      Plaintiff Craig McCarty initiated the contact with CCB in South

Carolina, by contacting CCB and offering to purchase the deeds of trust.

(Plaintiff's complaint ¶¶ 9 and 10; Affidavit of Craig McCarty, ¶ 6, attached

hereto as Exhibit B).

5.      The purchase price was wire transferred to South Carolina.

(Plaintiff's complaint, ¶ 13).

As discussed in the memorandum in support of CCB's motion to dismiss, to

establish personal jurisdiction in Alaska plaintiff must satisfy the criteria set forth in

AS 09.05.015.    Plaintiff's complaint is completely devoid of any factual allegations

sufficient to meet this burden.

**B.      Having failed to establish a *prima facie* case for personal jurisdiction, plaintiff is not entitled to engage in discovery.**

Despite having failed to establish a *prima facie* case of personal jurisdiction,

plaintiff now seeks to engage in extensive discovery, including discovery on topics

completely unrelated to whether personal jurisdiction exists.[3]    This should not be

permitted in this case.

CCB acknowledges that under proper circumstances, discovery may be allowed in

connection with a motion to dismiss under Federal Rule 12(b)(2). *Wells Fargo & Co. v.*

---

[3]    For example, plaintiff requests leave to conduct discovery relating to whether the "notes still exist" and "who held the notes on January 7, 2005." Neither of these topics relate to the jurisdictional issue.

*Wells Fargo Express Co.*, 556 F.2d 406, 430 (9th Cir. 1977).  However, given the substantial costs and inconvenience attendant to conducting discovery, many courts have refused to permit discovery where the plaintiff has failed to first establish a *prima facie* case for personal jurisdiction.

For example, in *Wells Fargo & Co.,* 556 F.2d at 430, the Ninth Circuit held that a trial court's refusal to grant discovery is "not an abuse discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."  (Citations omitted).  And in *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) in the context of a 12(b)(1) motion, the Ninth Circuit held as follows:

> Discovery is necessary, however, only if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity.  (Citations omitted.)  Where, as here, the extra pleading material demonstrates that the controlling questions of fact are undisputed, additional discovery would be useless.  (Citations omitted.)

And in *Terracom v. Valley National Bank*, 49 F.3d 555, 562 (9th Cir. 1995), citing to *Rich v. KAIS Cal, Inc.,* 121 FRD 254, 259 (MDMC 1988), the Court held

> [W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery . . .[4]

---

[4]  Other courts have also routinely held that discovery will not be allowed absent some threshold showing of legally sufficient jurisdictional facts.  For example, in *Grand Bahama Petroleum Co. v. MV Kriti Sky*, 1978 AMC 1238, 1240-41 (S.D.N.Y. 1997), aff'd mem. 580 F.2d 1044 (2nd Cir. 1978), the Court stated:  "The mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation.  That should have been done before the litigation began."

To compel a foreign corporation like CCB to remain a party during discovery and other pretrial proceedings is no trivial burden. Plaintiff must be required to make a minimum factual showing of personal jurisdiction before it can serve process on CCB, haul it into an Alaska court, and then commence discovery in the hope that it will be able to find some facts to establish personal jurisdiction. This is precisely what plaintiff is attempting to do in this case, and it should not be permitted.

**C.     This case should also be dismissed because of improper venue.**

CCB has also moved to dismiss this case under Federal Rule 12(b)(3), because of improper venue. As with personal jurisdiction, plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.* 598 F.2d 491, 496 (9th Cir. 1979) (plaintiff had the burden of showing that venue was properly laid in the Northern District of California). The memorandum filed by CCB in support of its motion to dismiss establishes that venue is not proper in the Alaska District Court, for the reasons set forth in the memorandum. Plaintiff has not filed any opposition to defendant's motion to dismiss because of improper venue, and accordingly has failed to satisfy his burden of demonstrating that venue is proper in this court. Accordingly, plaintiff's complaint must also be dismissed, under the provisions of Federal Rule 12(b)(3).

### CONCLUSION

The allegations contained in plaintiff's complaint do not establish this Court has personal jurisdiction over CCB. To the contrary, the allegations made by plaintiff establish that personal jurisdiction is lacking, because CCB is a foreign corporation, does not do business within the state of Alaska, did not initiate the contact with plaintiff in the

state of Alaska, and has not engaged in any other conduct such that CCB "should reasonably anticipate being hauled into court" in Alaska.

Despite having failed to make a *prima facie* showing of jurisdictional facts sufficient to support personal jurisdiction, plaintiff seeks to engage in expensive discovery in the fanciful hope that he may stumble upon some useful evidence. This should not be allowed.

DATED at Anchorage, Alaska this 11th day of September, 2006

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Central Carolina Bank


By:   */s/ Gary C. Sleeper*
      Gary C. Sleeper
      JERMAIN DUNNAGAN & OWENS, PC
      3000 A Street, Suite 300
      Anchorage, AK  99503-4097
      Phone: (907) 563-8844
      Fax: (907) 563-7322
      E-mail:  rcaverly@jdolaw.com
      Alaska Bar No. 8111130


**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy
of the foregoing was served by regular
U.S. mail this 11th day of September, 2006
on:

Hal P. Gazaway
8620 Boundary Avenue
Anchorage, AK  99504


*/s/ Gary C. Sleeper*
8583.1/130064