IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CRAIG McCARTY,

Plaintiff,

vs.

CENTRAL CAROLINA BANK, BANNISTER AND WYATT, LLC, JOHN F. WYATT, W. O. BANNISTER, JR., and JOHN DOES I and II,

Defendants.

Case No. 3AN-05-14427 CI

**COMPLAINT**

COMES NOW the plaintiff CRAIG McCARTY, by and through his attorney, Hal P. Gazaway, and for his action against defendants CENTRAL CAROLINA BANK, BANNISTER and WYATT, LLC, JOHN F. WYATT, W. O. BANNISTER, JR., and JOHN DOES I and II, alleges as follows:

I.

Plaintiff Craig McCarty is a resident of the State of Alaska.

II.

Upon information and belief, defendant corporations Central Carolina Bank and Bannister and Wyatt, LLC are corporations organized under the laws of the State of South

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Carolina doing business in the State of South Carolina. Defendants John F. Wyatt, W. O. Bannister, Jr., John Doe I, and John doe II are residents of the State of South Carolina. As set forth below, the defendants engaged in the sale of deed of trust notes to a resident of the State of Alaska.

III.

This Court has jurisdiction based upon this State's long arm statute, A.S. 09.05.015.

IV.

The subject of this action are two deed of trust notes secured by a residential tract of real property located at 992 Adams Avenue, Wareshoals, South Carolina. The legal description of which is:

> All that parcel or land in City of Ware Shoals, Laurens County, State of South Carolina, as more fully described in Deed Book 373, Page 236, ID#041-00-00-006. Being known and designated as 21.29 acres, Book 9 Page 184, Less and Except in Book 245 Page 958.
>
> Less and Except 16 acres, more or less, conveyed to Ellis R. Brewington in Deed Book 245 at Page 958, and Less and Except 2.55 acres, more or less, conveyed to Thomas Gregory Culbertson in Deed Book 373 at Page 235.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

V.

Until 1996, Marie Lewis McCarty held title to the subject property. On or about November 25, 1996, Marie Lewis McCarty conveyed an interest in the subject property to James David McCarty.

VI.

On or about April 3, 1992 James David McCarty encumbered the subject property with a mortgage in favor of Heritage Federal Bank. This loan received Loan Number 60703021.

VII.

On or about June 4, 1999, James David McCarty encumbered the subject property with a mortgage in the amount of $20,000.00 in favor of Heritage Federal Bank. This loan received Loan Number 607048556.

VIII.

At a date unknown to plaintiff, Central Carolina Bank succeeded to the security interest in the property held by Heritage Federal Bank.

IX.

On January 4, 2005, Craig McCarty offered to purchase the First Deed of Trust Note for Loan Number 607030241, from Central Carolina Bank for the sum of $13,459.09.



HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Exhibit A
Page 3 of 10

X.

On January 4, 2005, Craig McCarty offered to purchase the Second Deed of Trust Note, from Central Carolina Bank for the sum of $9,924.31.

XI.

The parties subsequently agreed that for the sums of $14,405.42 and $10,826.81 to be paid by McCarty for the First and Second Deed of Trust Notes respectively, Central Carolina Bank would assign both mortgage notes to Craig McCarty.

XII.

John F. Wyatt and Bannister and Wyatt, LLC, acting as attorneys and agents of Central Carolina Bank, accepted Craig McCarty's offer to purchase the two mortgage notes, for the total sum of $25,232.23 to be paid by January 21, 2005. The parties agreed McCarty would make the purchase by sending the funds to the trust account of Bannister and Wyatt,LLC in exchange for the assignment of the notes.

XIII.

On January 21, 2005, Craig McCarty wire transferred $25,232.23 to the trust account of Bannister and Wyatt, LLC with instructions these funds would be used to purchase the mortgage notes in favor of Central Carolina Bank and secured by the

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

previously described property.

XIV.

At some date subsequent to January 21, 2005, acting contrary to the express instructions of Craig McCarty, Bannister and Wyatt and John Doe I disbursed $25,232.23 to Central Carolina Bank without obtaining an assignment of the deed of trust notes to Craig McCarty of the deeds of trust secured by the subject property.

XV.

Subsequent to January 21, 2005, Central Carolina Bank, Bannister and Wyatt, LLC, and John Doe I and John Doe II used misrepresentations to conceal the fact that contrary to the agreement between McCarty and Central Carolina Bank, Central Carolina Bank it planned to treat the transaction as a payoff of the two deeds of trust notes, not as an assignment of the two mortgage notes.

XVI.

On or about April 15, 2005, a lawsuit for mortgage foreclosure and reformation was brought against the subject property, Marie McCarty and Craig McCarty for the sum of $49,600 together with interest at the rate of 8.25%. This lawsuit was brought by Mortgage Electronic Registration Systems, Inc. As

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

nominee for GMAC Mortgage Corporation, d/b/a Ditech.Com.

COUNT I

XVII.

McCarty repleads paragraphs I through XVI the same as if fully set forth herein.

XVIII.

Central Carolina Bank breached its contract with McCarty when it used the funds to pay off the loan balance and failed to deliver an assignment of the two deed of trust notes, numbered 607048556 and 607030241.

XIX.

As a direct and proximate result of Central Carolina Bank's breach of contract, plaintiff Craig McCarty will be damaged in an amount to be proven at trial.

COUNT II

XX.

McCarty repleads paragraphs I through XIX the same as if fully set forth herein.

XXI.

Defendants Bannister and Wyatt, LLC, John F. Wyatt, John Doe I and John Doe II, acted in a negligent manner when it disbursed the $25,232.23 from its trust account to Central

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Carolina bank without first securing an assignment of the deed of trust notes as the parties had agreed.

XXII.

As a direct and proximate cause of Bannister and Wyatt, LLC's, John F. Wyatt, and John Doe I and John Doe II's negligence, Craig McCarty has been damaged in an amount to be proven at trial in excess of $100,000.00.

COUNT III

XXIII.

McCarty repleads paragraphs I through XIX the same as if fully set forth herein.

XXIV.

Bannister and Wyatt, LLC, John F. Wyatt, and W.O. Bannister converted trust funds when they transferred the sum of $25,232.23 Craig McCarty had deposited into their trust account to Central Carolina bank without first securing the assignment of the deed of trust notes.

XXV.

As a direct and proximate cause of Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister's conversion of trust funds, Craig McCarty has been damaged in an amount to be proven at trial in excess of $100,000.00.

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

COUNT IV

XXVI.

McCarty repleads paragraphs I through XIX the same as if fully set forth herein.

XXVII.

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister failed to disclose to McCarty that on September 9, 2004, defendant W. O. Bannister had obtained a judgment in the amount of $35,000.00 on behalf of Oscar Sullivan against James David McCarty and Marie McCarty. This judgment had become a lien against the subject property from which defendants Bannister & Wyatt and another client had a direct pecuniary interest which conflicted with that of McCarty.

XXVIII.

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister intentionally failed to disclose to McCarty the pecuniary interest they and their client held which conflicted with his, by holding the funds in trust to carry out the purchase of the two deed of trust notes.

XXIX.

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister intentionally withheld this information from

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCarty so as to induce him to forward to their trust account the funds necessary to purchase the deed of trust notes in order that they could convert the funds received into their trust account to instead pay off the deed of trust note with a secured position senior to their judgment lien and moved their judgment lien from fourth position to second position and providing McCarty with no secured interest in the property.

XXX.

Defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister acts were intentionally and or recklessly done with gross and wanton disregard to the rights of McCarty for the purpose of defrauding him of the sum of 25,232.23 for which acts McCarty is entitled to recover punitive damages against defendants Bannister and Wyatt, LLC, John F. Wyatt, and W. O. Bannister in an amount to be proven at trial.

WHEREFORE, plaintiff Craig McCarty prays for judgment as follows:

1. For specific performance by assigning the two mortgage notes secured by the subject property for the previously paid purchase price agreed to by the parties for the assignment in the amount of $25,232.23.

2. For damages against Central Carolina Bank due to

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

the breach of the agreement to assign the deed of trust notes to Craig McCarty.

3. For damages against Bannister and Wyatt, LLC and John Doe I in an amount as may be proven at trial in excess of $100,000.00 for its negligence.

4. For damages against Bannister and Wyatt, LLC, John F. Wyatt and W. O. Bannister, Jr. in an amount as may be proven at trial in excess of $100,000.00 for conversion of trust funds.

5. For punitive damages against Bannister and Wyatt, LLC, John F. Wyatt and W. O. Bannister, Jr. in an amount to be proven at trial.

6. For pre-judgment interest.

7. For plaintiff's attorney fees and costs in bringing this action.

8. For such other and further relief as this Court deems just and equitable.

DATED at Anchorage, Alaska, this 28th day of December, 2005.

HAL P. GAZAWAY, P.C.
Attorney for Plaintiff

By: [signature]
Hal P. Gazaway
Alaska Bar No. 7410077

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax



Exhibit A
Page 10 of 10