Hal P. Gazaway, P.C.
8620 Boundary Avenue
Anchorage, AK 99504
(907) 338-8111
(907) 338-8118 facsimile

Attorney for Plaintiff

RECEIVED
SEP 1 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG McCARTY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CENTRAL CAROLINA BANK, ) | Case No. A06-00023 CI (TMB) |
| JOHN DOES I and II, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO CENTRAL CAROLINA BANK'S OPPOSITION
TO MOTION FOR DISCOVERY AS TO JURISDICTION**

Defendant Central Carolina Bank (CCB) has filed an opposition to the motion for discovery prior to filing his opposition to CCB's motion to dismiss, filed by plaintiff Craig McCarty (McCarty). CCB responds by rearguing its jurisdictional argument as to McCarty's complaint. It cites cases which it argues do not allow discovery before responding to a motion to dismiss on the grounds of lack of personal jurisdiction. CCB's

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

case authority either does not support CCB's position, or is distinguishable.

Unlike the motion to dismiss filed by Bannister and Waytt, CCB fails to support its motion with affidavits disclaiming any contact with Alaska.

Central Carolina Bank (CCB) at page 5 of its Opposition To Motion For Discovery As To Jurisdiction, misquotes the holding entered by the Court of Appeals in *Wells Fargo & Co. V. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977). CCB's opposition at p. 5 states:

> For example, in *Wells Fargo & Co.*, 556 F.2d at 430, the Ninth Circuit held that a trial court's refusal to grant discovery is "not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."

The entire paragraph the quote comes from actually recognizes the matter of discovery is generally left to the discretion of the trial court. (*Wells Fargo & Co.*, footnote 24 at page 431) The paragraph preceding the quotation by CCB states in part:

> And it is clear that a court may allow discovery to aid in determining whether it

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCARTY v CENTRA CAROLINA BANK, et al., Case No. A06-0023 CI (TMB)
REPLY TO CENTRAL CAROLINA BANK'S OPPOSITION TO MOTION
FOR DISCOVERY AS TO JURISDICTION
Page 2 of 10

has *in personam* or subject matter jurisdiction. (Footnote 24 at p. 430, citations omitted).

The *Wells Fargo & Co.* Court in footnote 24 cites decisions by the First Circuit, Third Circuit, Fourth Circuit, and three district court decisions which favor allowing discovery to aid in determining whether the court has in personam or subject matter jurisdiction.

In *Wells Fargo & Co.*, the Ninth Circuit addressed a district court's order in an action for trade mark infringement and unfair competition brought against a Liechtenstein corporation and its American subsidiary. The district court held it lacked personal jurisdiction. (*Wells Fargo & Co.* at p. 411) The Ninth Circuit reversed. The district court had failed to consider several well recognized "minimum contacts" or "presence" theories as possible bases on which to find personal jurisdiction. The parent corporation could be subject to personal jurisdiction by the acts of its subsidiary. The Ninth Circuit vacated the dismissal in "... light of facts which plaintiffs may be able to develop, ...." (*Wells Fargo & Co.* at p. 426)

The other cases cited by defendant are distinguishable. *Terracom v. Valley National Bank*, 49 F.3d 555 (9th Cir. 1995)

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCARTY v CENTRA CAROLINA BANK, et al., Case No. A06-0023 CI (TMB)
REPLY TO CENTRAL CAROLINA BANK'S OPPOSITION TO MOTION
FOR DISCOVERY AS TO JURISDICTION
Page 3 of 10

involved a suit against two banks that the District Court dismissed for failure to state a cause of action. The Court found those banks had breached no duty owed to the plaintiff (*Terracom* at p. 555-559). CCB again provides the court a highly selective quotation from the decision. The sentence before that quoted by CCB states "Loral failed to demonstrate how further discovery would allow it to contradict the affidavits of Morris and Sisson." The decision specifically discusses the only place of business of the bank and the circumstances for signing certificates of sufficiency for Miller Act bonds. (*Terracom* at p. 560) CCB has provided no affidavits or other evidence upon which this Court can evaluate the extent of CCB's contacts with Alaska.

In *St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989), a real estate developer brought a civil rights complaint against Butte County. Before Butte County would approve a zoning change, it required a subdivision to be connected to the City of Chico's sewer system. The City of Chico required political concessions by Butte County before it would permit the sewer connection. (*St. Clair* at p. 200) The Ninth Circuit found the extra pleading material demonstrates no dispute about the controlling questions of fact. (*St. Clair* at p. 202) The decision quotes the rule stated in *Williamson v. Tucker,* 645

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

F.2d 404, 414 (5th Cir.)

> "Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence."

*St. Clair v. City of Chico,* at p. 202.

CCB has failed to introduce any evidence for this Court to base a finding that the controlling questions of fact are undisputed.

Unlike the plaintiff in *St. Clair v. City of Chico,* McCarty has not had the opportunity to conduct any discovery.

CCB filed its motion and failed to provide any evidence in support of its motion. CCB argues the complaint fails to plead a prima facie case for personal jurisdiction. McCarty filed suit in the Alaska Superior Court. Previously, CCB's attorneys Bannister & Wyatt, removed McCarty's State Court complaint to the U.S. District Court.

The Alaskan long arm statute, A.S. 09.05.015 has been held by the Alaska Supreme Court to extend Alaska's jurisdiction to the maximum extend permitted by due process under the 14th Amendment. *Morrow v. New Homes, Inc.,* 548 P.2d 279, 293 (Alaska

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

1976). In *Jonz v. Garrett/Airesearch Corp.*, 490 P.2d 1197, 1199 (Alaska 1971), Alaska found a manufacturer of an airplane manufactured in Arizona has sufficient contact with Alaska based upon advertising in publications circulated in Alaska. Later, the Alaskan Supreme Court found a California resident who solicited a loan from an Alaskan resident during a telephone discussion would be subject to suit in Alaska under A.S. 09.05.015(c). *See, Cramer v. Wade,* 985 P.2d 467, 472-73 (Alaska 1999).

McCarty states the facts known to him regarding the two mortgage notes he sought to purchase as follows:

Until 1996, Marie Lewis McCarty held title to the real property. On or about November 25, 1996, Marie Lewis McCarty conveyed an interest in the real property to James David McCarty. (Plaintiff's Complaint ¶V)

On or about April 3, 1992 James David McCarty encumbered Mrs. McCarty's property with a mortgage in favor of Heritage Federal Bank. This loan received Loan Number 60703021. (Plaintiff's Complaint ¶VI)

On or about June 4, 1999, James David McCarty encumbered the subject property with a mortgage in the amount of $20,000.00 in favor of Heritage Federal Bank. This loan received Loan Number 607048556. (Plaintiff's Complaint ¶VII)

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

At a date unknown to plaintiff, an unknown entity known to McCarty as Central Carolina Bank, succeeded to the security interest in the property held by Heritage Federal Bank. (Plaintiff's Complaint ¶VIII)

When McCarty learned his grandmother could not pay the notes and faced foreclosure, he contacted CCB.

McCarty's contact with CCB had been with a John Vernon in Memphis, Tennessee. Mr. Vernon requested Mr. McCarty to direct his offer to purchase the notes to him addressed as follows:

>   John Vernon
>   Central Carolina Bank
>   Division of National Bank of Commerce
>   309 Monroe Street
>   Memphis TN 38013

(Exhibit 1)

McCarty's grandmother, Marie McCarty, who still lives in the house subject to the two mortgage notes, states the bank where she still banks bears the name Central Carolina Bank.

When McCarty tried to serve Central Carolina Bank, he learned Central Carolina Bank ceased in 1982, changed its name and later merged with Kanawha Insurance Company. Ultimately, McCarty served a registered agent for National Commerce Financial Corporation in Atlanta Georgia on April 19, 2006. (Exhibit 2)

In an early conversation with Carl Bauman, attorney for

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

Bannister and Wyatt, Mr. Bauman stated the reason behind the funds being used to pay off the loan rather than for an assignment of the notes to McCarty had been a change in ownership of either the notes or the bank that held the notes. When asked for documentation and details, he advised his client had concerns about attorney-client privilege.

On March 16, 2006, Gary Sleeper called the undersigned regarding McCarty v. Central Carolina Bank. According to Mr. Sleeper, a Virginia attorney had called him about representing Sun Coast Mortgage. He asked that counsel not default the bank without calling him first, if McCarty served the bank.

On June 12, 2006, the undersigned wrote Mr. Sleeper to advise we had served Mr. Fortin. (Exhibit 4)

When the undersigned did not receive an answer, on July 17, 2006, we moved for default and served Mr. Bauman, Mr. Sleeper, Mr. Fortin, and Bannister & Wyatt. (Exhibit 5)

On July 20, 2006, Mr. Sleeper sent counsel a scathing lecture on professional courtesy. (Exhibit 6)

Undersigned counsel responded and advised he would stipulate to vacating the entry of default. (Exhibit 7)

CCB's motion followed.

Most of the cases cited by CCB have not been cited for any proposition related to the instant motion. The instant

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

motion requests discovery for a specific purpose before responding to a motion to dismiss. CCB cites the following cases for unrelated arguments: *Gator.com Corp. v. L. L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2002); *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001); *Cubbage v. Merchant*, 744 F.2d 665 (9th Cir. 1984); *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996); *World Wide Volkswagen v. Woodson,* 444 U.S. 286 (1980).

McCarty requests discovery to determine whether the note changed hands between January 5, 2005 and January 21, 2006; who held the note at the time of the transfer of funds; if more than one institution is involved; where that institution has branches; whether any such institution has a branch or subsidiary doing business in Alaska; what advertising the institution uses and whether any of its advertising has been directed at Alaskan residents.

To date, no discovery has been conducted. CCB has failed to file an Answer or file its Federal Rule of Civil Procedure, Rule 26 Disclosures. The identity of the party who owned the notes has been concealed from McCarty. Apparently, several parties have had the name Central Carolina Bank. At least two of the likely parties, Kanawha Insurance Company and Sun Coast Mortgage, are believed to have more than just one casual contact with Alaska.

McCARTY v CENTRA CAROLINA BANK, et al., Case No. A06-0023 CI (TMB)
REPLY TO CENTRAL CAROLINA BANK'S OPPOSITION TO MOTION
FOR DISCOVERY AS TO JURISDICTION
Page 9 of 10

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCarty requests discovery to determine the facts relevant to the pending motion.

Respectfully submitted this 19th day of September, 2006.

                               Hal P. Gazaway, P.C.
                               Attorney for Plaintiff

                               By: /s/ Hal P. Gazaway
                               Hal P. Gazaway
                               Alaska Bar No. 7410077

**CERTIFICATE OF SERVICE**

I certify that the foregoing REPLY TO CENTRAL CAROLINA BANK'S OPPOSITION TO MOTION FOR DISCOVERY AS TO JURISDICTION was mailed / ~~faxed / hand delivered~~ to the following parties or attorney(s) of record addressed as follows:

Gary C. Sleeper
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

DATED this 19th day of September, 2006.

/s/ Brenda J. Faust
Brenda J. Faust

HAL P. GAZAWAY, P.C.
ATTORNEY AT LAW
8620 BOUNDARY AVENUE
ANCHORAGE, ALASKA 99504
(907) 338-8111
(907) 338-8118 fax

McCARTY v CENTRA CAROLINA BANK, et al., Case No. A06-0023 CI (TMB)
REPLY TO CENTRAL CAROLINA BANK'S OPPOSITION TO MOTION
FOR DISCOVERY AS TO JURISDICTION
Page 10 of 10