**Jermain Dunnagan & Owens, P.C.**
LAW OFFICES

WILLIAM K. JERMAIN
CHARLES A. DUNNAGAN
BRADLEY D. OWENS
RANDALL G. SIMPSON
HOWARD S. TRICKEY
GARY C. SLEEPER
SAUL R. FRIEDMAN

DIANE F. VALLENTINE
W. MICHAEL STEPHENSON
ANDRENA L. STONE
EUGENIA G. SLEEPER
MARK P. MELCHERT
SARAH J. JOSEPHSON

ERIC J. BROWN
MATTHEW SINGER
RAYMOND E. GOAD, JR.
MICHELLE L. BOUTIN
CHERYL MANDALA
CAROLINE P. WANAMAKER
THOMAS A. BALLANTINE

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097

SERVING ALASKANS SINCE 1976



TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

July 20, 2006

*Via Fax: 338-8118*

Hal P. Gazaway
8620 Boundary Avenue
Anchorage, AK 99504

    Re: *Craig McCarty v Central Carolina Bank, et al.*

Dear Hal:

    I have received a copy of the Application for Entry of Default and Default Judgment, filed by you on July 17, 2006. Given our previous conversations regarding this case, it came as quite a surprise to me that you would move for entry of default judgment before informing me of your intention to do so.

    In *Cook v Aurora Motors, Inc.*, 503 P.2d 1046, 1049 n.6 (Alaska 1972) the Alaska Supreme Court recognized an attorney's professional duty to give reasonable notice to an opposing party before applying for default. The court based its opinion on the American College of Trial Lawyers Code of Trial Conduct, which at that time provided:

> When [a lawyer] knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the lawyer's intention to proceed.

    The court reaffirmed the *Cook* decision in *City of Valdez v Salomon*, 637 P.2d 298 (Alaska 1981) where the court again quoted the American College of Trial Lawyers Code of Trial Conduct, and further observed:

> (DR7-106C5) The Code of Professional Responsibility requires that a lawyer not 'fail to comply with known local customs of courtesy or practice of the bar, or a particular tribunal without given to opposing counsel timely notice of his intent not to comply.'

Exhibit   4
Page   1  of  2

Hal P. Gazaway
July 20, 2006
Page 2


Under the circumstances, I am requesting that you withdraw your application for entry of default, so that my client can avoid incurring additional expense in preparing an opposition. Please let me know by close of business on Thursday, July 20, 2006, whether you will be able to accommodate this request.

Sincerely,

JERMAIN, DUNNAGAN & OWENS, P.C.

Gary C. Sleeper

GCS:snu
8583.1/127646

Exhibit 6
Page 2 of 2