IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRAIG MCCARTY,<br><br>    Plaintiff,<br><br> vs.<br><br>CENTRAL CAROLINA BANK; BANNISTER & WYATT, LLC; JOHN F. WYATT; O.W. BANNISTER, JR.; AND JOHN DOES 1 & 2,<br><br>    Defendants. | Case No. 3:06-cv-23   TMB<br><br><br>O R D E R |

  Plaintiff, an Alaska resident, originally filed this suit in the Superior Court for the State of Alaska on December 29, 2005. Docket 13 at 2. On January 25, 2006, Defendants Bannister & Wyatt, LLC, John F. Wyatt, and O.W. Bannister, residents of the State of South Carolina, removed this matter to Federal District Court for the District of Alaska, alleging diversity of citizenship and an amount in controversy exceeding $75,000. Docket 1 (notice of removal).

  This matter arises from a dispute over two deed of trust notes Plaintiff tried to purchase from Central Carolina Bank, ("CCB") which were secured by a piece of real property in South Carolina. CCB held the security interest in the property, and Bannister & Wyatt, LLC, apparently represented CCB in accepting Plaintiff's offer to purchase the two mortgage notes. On January 21, 2005, Plaintiff instructed his Alaska bank to wire transfer $25,232.23 to the trust account of Bannister & Wyatt, with instructions to use these funds to purchase the mortgage notes in favor of Central Carolina Bank. According to Plaintiff, Bannister & Wyatt disbursed the funds to CCB without obtaining an assignment of the deed of trust notes. CCB treated the transaction as a payoff of the two deeds of trust, rather than an assignment of the notes. Plaintiff accuses Bannister and Wyatt of acting in a negligent manner when disbursing the funds without first securing an assignment, and this action followed. Plaintiff also complains that Bannister & Wyatt intentionally failed to disclose their pecuniary interest which conflicted with Plaintiff's interest of buying the deed of trust notes,

1

specifically, that Bannister & Wyatt also held a judgment lien against the same property for a judgment in favor of another client, Oscar Sullivan. Plaintiff alleges that their failure to disclose this material fact resulted in their own judgment lien on the property moving from fourth to second position, leaving Plaintiff with no secured interest in the property. Docket 13 at 6.

Defendants Bannister & Wyatt, LLC, John F. Wyatt, and O.W. Bannister were dismissed for lack of personal jurisdiction on June 5, 2006. Docket 27. Plaintiff subsequently sought default against Defendant Central Carolina Bank, for its failure to file an Answer or otherwise plead in this matter. Docket 44. Default was entered. Docket 46. While the Motion for Default Judgment was pending, (Docket 47), counsel made an entry of appearance on behalf of Central Carolina Bank, (Docket 50), and a stipulation to vacate the default was filed by the parties. Docket 51. Default was vacated. Docket 52. CCB now seeks dismissal for lack of personal jurisdiction. Docket 53. In response, Plaintiff seeks to amend his Complaint, (Docket 57), and seeks discovery. Docket 58. CCB opposes discovery, (Docket 60), and Plaintiff has replied. Oral argument has not been requested.

## **Discussion**

CCB seeks dismissal of this matter under Fed. R. Civ. P. 12(b)(2) & (3), arguing that this court lacks personal jurisdiction over CCB for the same reasons it lacked personal jurisdiction over the other defendants: CCB is a foreign corporation which has not engaged in activities in Alaska which would give rise to jurisdiction under Alaska's long-arm statute,[1] there has been no injury to

---

[1]**AS 09.05.015. Personal Jurisdiction.**

**(a)** A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according to the rules of civil procedure

**(1)** in an action, whether arising in or out of this state, against a defendant who, when the action is commenced,

. . .

**(D)** is engaged in substantial and not isolated activities in this state, whether the activities are wholly interstate, intrastate, or otherwise;

**(2)** in an action that may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant;

**(3)** in an action claiming injury to person or property in or out of this state arising out of an act or omission in this state by the defendant;

**(4)** in an action claiming injury to person or property in this state arising out of an act or omission out of this state by the defendant, provided, in addition, that at the time of the injury either

**(A)** solicitation or service activities were carried on in this state by or on behalf of the defendant; or

person or property in Alaska arising out of any act or omission in Alaska by CCB; no solicitation or services were carried out in the state; no products, materials or things were processed, serviced or manufactured by CCB; CCB did not promise to or perform services in Alaska; and the property is located in South Carolina.  Docket 54.  CCB further argues that the exercise of jurisdiction in this case would offend due process.  *Id.*

As this Court discussed in its previous Order, (Docket 27), the threshold question is whether this case falls under Alaska's long-arm statute.  The Alaska Supreme Court has consistently held that Alaska's long-arm statute is a "broad one which we regard as an attempt by the legislature to establish jurisdiction to the maximum extent permitted by due process."  Kennecorp Mortgage & Equities v. First Nat'l Bank of Fbx, 685 P.2d 1232, 1238 (Alaska 1984), citing Jonz v. Garrett/Airesearch Corp., 490 P.2d 1197, 1199 (Alaska 1971).  See also Cramer v. Wade, 985 P.2d 467 (Alaska 1999); Polar Supply Company, Inc., v. Steelmaster Industries, Inc., 127 P.3d 52 (Alaska 2005)(holding that the circumstances contemplated by the Alaska long-arm statute are not exclusive).  Accordingly, the Court foregoes determining which provision of the long-arm statute may be applicable, and proceeds to the analysis of whether application of the statute offends due process.

The factors to be taken into consideration in determining personal jurisdiction include the extent of the defendant's "contacts with Alaska and the basic fairness of requiring him to appear in its courts." Cramer v. Wade, 985 P.2d 467, 471 (Alaska 1999).  The Cramer court discussed a due

---

**(B)** products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed in this state in the ordinary course of trade;

**(5)** in an action that

**(A)** arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services in this state or to pay for services to be performed in this state by the plaintiff;

**(B)** arises out of services actually performed for the plaintiff by the defendant in this state, or services actually performed for the defendant by the plaintiff in this state if the performance in this state was authorized or ratified by the defendant;

**©** arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive in this state or to ship from this state goods, documents of title, or other things of value;

**(D)** relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the order or direction of the defendant; or

**(E)** relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to the carrier occurred;
. . . .

3

process analysis, noting that two requirements must be met: 1) minimum contacts must exist; and 2) maintenance of the suit must be "consistent with traditional notions of fair play and substantial justice."  Id.  In Cramer, the court determined that defendant had no ongoing ties to Alaska, but his limited contacts with the plaintiff satisfied due process if they were "substantial enough that [he] could reasonably anticipate being haled into court in [Alaska]" Id.  The Cramer court cited the United States Supreme Court decision Burger King Corp. V. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174 (1985), noting that a defendant could reasonably anticipate being sued in Alaska if it "purposefully directed" activities toward Alaska residents, and litigation resulted from alleged injuries arising out of those activities.  Id.

On the facts of this case as they have been developed to date, Central Carolina Bank does not have adequate minimum contacts with the State of Alaska to justify application of any provision of the long-arm statute to exercise personal jurisdiction over it.  The Alaska Supreme court has "found it particularly significant when an out-of-state defendant solicited, initiated, or directly contacted the Alaska resident."  127 P.3d at 56 (citations omitted).  In this matter, Plaintiff apparently initiated all contact with CCB in South Carolina.  There is no evidence in the record to the contrary. CCB did not have contacts with Alaska substantial enough that they "could reasonably anticipate being haled into court" here.  985 P.2d at 471 (citations omitted). CCB did not "purposefully direct" activities toward residents of Alaska, such that litigation resulted from alleged injuries arising out of those activities.  Id.   CCB's activities do not rise to the levels discussed in Cramer, Polar Supply, Jonz, or Kennecorp.

Plaintiff moves to conduct discovery on CCB "to determine whether the notes still exist, who held the notes on January 7, 2005, the extent of the holder's advertising in national media, the extent of the holder of the notes held other notes signed, purchased, or assumed by other Alaskan residents or secured by Alaskan property."  Docket 59.  In opposition, CCB argues that Plaintiff has the burden of establishing personal jurisdiction, and having failed to do so, he is not entitled to engage in discovery. Docket 60, citing Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 (9th Cir. 1977); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); and Terracom v. Valley National Bank, 49 F.3d 555, 562 (9th Cir. 1995).

Plaintiff distinguishes the discovery cases cited by CCB, and argues that CCB has provided no affidavits or other evidence upon which this court can evaluate the extent of CCB's contacts with Alaska. Docket 61. However, as CCB observes, the facts <u>as alleged by Plaintiff</u> establish a lack of personal jurisdiction. Docket 60 at 3. Plaintiff's Complaint alleges that CCB is a corporation organized under the laws of the state of South Carolina, that it does business in South Carolina, that the real property at issue is located in South Carolina, and Plaintiff initiated the contact with CCB in South Carolina, and that the purchase price was wire transferred to South Carolina. <u>Id.</u> Plaintiff attempts to cast doubt upon the true location of CCB by noting that he first was directed to send his offer of purchase to Memphis, Tennessee, that later when trying to serve CCB, he ultimately served a registered agent in Atlanta, Georgia, and that CCB is represented by a Virginia attorney. Docket 61 at 7-8. He suggests that the note may have changed hands between January 5, 2005, and January 21, 2006, and that whomever held the note at the time of the transfer of funds may have branches or a subsidiary doing business in Alaska. Docket 61 at 9. Plaintiff suggests that several parties have had the name "Central Carolina Bank," and that two of those parties "are believed to have more than just one casual contact with Alaska." <u>Id.</u> This Court finds that Plaintiff's suppositions are inadequate to overcome the shortcomings in his case with respect to personal jurisdiction over CCB, and finds that it is unlikely that discovery would demonstrate facts sufficient to constitute a basis for jurisdiction.

Having found inadequate minimum contacts, the Court need not consider the second prong of the due process analysis, or CCB's argument regarding improper venue.

## Conclusion

It is hereby ordered that CCB's Motion to Dismiss for Lack of Personal Jurisdiction, (Docket 53), is GRANTED; Plaintiff's Motion for Discovery, (Docket 58) is DENIED; Plaintiff's Motion to Amend Complaint, (Docket 57), is DENIED AS MOOT; and this matter is **DISMISSED WITHOUT PREJUDICE**.

Dated at Anchorage, Alaska, this 8th day of November, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge
